# SUPPLEMENT TO THE SARATOGA SENTINEL.

PUBLISHED BY WILBUR & COREY, AT $1.00 PER ANNUM.

Vol. II.]                 APRIL 5, 1842.                 [No. 3.

## COURT OF CHANCERY.

### DECISIONS OF THE CHANCELLOR,
APRIL 5, 1842.

*Chester Hayden, receiver, &c.* v. *Simeon Bucklin et al.* S. BEARDSLEY and O. B. MATTESON, for complainant ; W. CRAFTS, for defendandts. Motion to dissolve injunction. This was a creditor's suit. The bill was filed on the 8th of January, 1840, and an injunction and subpœna issued at the same time, but not served until the 10th. On the 9th of January, intermediate the issuing and service of the subpœna, the judgment debtor made a general assignment of his property to the defendants in this suit. The question was what is to be deemed the commencement of a suit, or a *lis pendens,* in this court, so as to affect the validity of a transfer of the subject matter of the litigation, as a purchase *pendente lite.*

*What is the commencement of a suit, or lis pendens.*

The chancellor observed that the filing of a bill and taking out a subpœna thereon, and making a bona fide attempt to serve it without delay, might be considered as the commencement of a suit for the purpose of saving the statute of limitations, if the suit is afterwards prosecuted with due diligence. And that probably such a commencement of a suit would also be sufficient to give the complainant in a creditor's bill a preference over a similar suit subsequently commenced against the same defendant; although the subpœna in the last suit should be first served. But he decided that the mere issuing of a subpœna is not the commencement of a *lis pendens,* as to a stranger to the suit.

3

That to charge a stranger, having no actual notice, with constructive notice of the pendency of the suit, and subject him to the consequences of a purchase *pendente lite*, it is necessary that the bill be filed and the subpœna actually served.

But that a personal service of the subpœna upon the defendant is not necessary to create a *lis pendens* where he has a known residence in this state.

That in case of his absence from home the subpœna may be served at his residence, upon his wife or servant or some other member of the family of suitable age and discretion; although the bill cannot be taken as confessed against him on such a service, without instituting further proceedings to compel his appearance.

That where the defendant is proceeded against under the statute as an absentee, the actual publication of the notice for him to appear would probably be considered as equivalent to a service at his place of residence, in creating a *lis pendens*.

Injunction dissolved.

*Christopher P. Tappen* v. *John Gray.* J. W. Edmonds, for complainant; D. Graham, for defendant. The chancellor decided in this case that under the section of the Revised Statutes authorizing the governor to supply all *vacancies* which may happen during the recess of the senate, in offices to which an appointment has been made by the governor and senate, (1 R. S. 123, § 42,) he is not authorized to appoint a successor to a person whose term of office has expired during the recess but who still continues to discharge the duties of such office under the provision of the statute which authorizes him to hold over until a successor in the office is duly qualified, (1 R. S. 117, § 9;) there not being a *vacancy* in the office, in such a case, within the intent and meaning of the statute.

*Power of governor to supply vacancies in office.*

*Jurisdiction.* That this court has no jurisdistion in a case of alleged intrusion by the defendant into an office belonging to the complainant, which will authorize it, upon an allegation of the defendant's insolvency, to grant an injunction, or to appoint a receiver for the preservation of the fees and emoluments of the office until the right to the same can be determined by