## SUPREME COURT.

### ROBERT BURROUGHS agt. LEWIS REIGER and others.

The *filing* of a *notice of the pendency of the action,* in actions affecting real property, does not affect subsequent purchasers or incumbrancers, until the *complaint is filed,* although the action may be commenced by the actual service of process.

The filing of such a notice before the action has been commenced, by the service of process, is a nullity.

Burroughs agt. Reiger and others.

Where the plaintiff in such action files, with the papers composing the judgment-roll, (as he is required to do,) the *proof of service* of the summons and complaint, he is concluded by such proof, as to the *time* when the action was *commenced.*

*Kings Special Term, Feb.,* 1856.
MOTION to set aside writ of assistance.

A. JORDEN, *for motion.*
B. P. BARNARD, *opposed.*

ROCKWELL, Justice.   This is a motion made in behalf of Magdalena Hetsel, a person in possession of certain real estate affected by this action, to set aside a writ of assistance, issued to the sheriff of Kings county, commanding him to put the plaintiff into possession of the premises.   Mrs. Hetsel purchased the premises for a valuable consideration; there is no evidence that she ever had actual notice of the pendency of this action ; she was not made a party to it, and consequently cannot be bound by the judgment, nor charged with constructive notice of the pendency of the action, unless she purchased *pendente lite,* and after the notice required by law had been duly filed.

Whether she did so purchase or not, is the material question involved in this motion.

The premises were sold and conveyed, and possession thereof delivered to Mrs. Hetsel on the 24th day of May, 1854.

Was this action at that time pending ?

It appears from the affidavit of the plaintiff's attorney, that the complaint and a notice of the pendency of the action were filed in Kings county clerk's office on the 19th of April, 1854; and the attorney also states, that on the same day, or the day following, he served a copy of the summons and complaint upon Thomas Burroughs, one of the defendants.   From an examination of the affidavit of service forming a part of the judgment-roll, it however appears that the summons and complaint were served on Thomas Burroughs and the other defendants on the third day of July, 1854.

Burroughs agt. Reiger and others.

An action cannot properly be said to be pending until after it has been commenced. It is pending during the interval between the time of its commencement and its final determination.

In § 127 of the Code, it is provided that actions shall be commenced by the *service* of a summons.

In § 130, it is provided that the complaint need not be served with the summons, and in such case the summons must state where the complaint *is* or will be filed. From this it would seem to be regular to file the complaint before the commencement of the action.

In § 132, it is provided that in actions affecting the title to real property the plaintiff, at the time of *filing* the complaint, or at any time afterwards, may file a notice of the pendency of the action, and that from the time of filing only shall the pendency of the action be constructive notice to a purchaser or incumbrancer of the property.

It is contended on the part of the plaintiff that, as the complaint may be filed before the commencement of the action, and as the plaintiff by the express terms of the statute may, at the time of filing the complaint, file a notice of the pendency of the action, and that the pendency of the action shall be constructive notice from the time of filing the notice, it conclusively follows that the notice may be filed before the commencement of the action, and that purchasers are to be charged with constructive notice from the time of such filing.

But the difficulty is, that notice of the pendency of an action which has not been commenced is an impossibility and an absurdity. It is not a notice of a fact, but a statement of a falsehood. The fact stated does not exist. The action is not pending. To allow the title to property to be clouded and tied up by a deceptive and mendacious notice of this description, would tend to produce great hardship and injustice. The action might not be commenced by the service of process for years after the filing of such a notice; neither the vendor nor purchaser can remove the cloud. Whereas, if the statement in the notice was

true, if the action was, in fact, pending, the plaintiff might be compelled to move on to judgment, or abandon his claim.

The true construction and meaning of the statute is, that although the action may be commenced by the actual service of process, the filing of a notice of the pendency of the action shall not affect subsequent purchasers or incumbrancers, until the complaint is filed. So that a person who, upon investigating the title in the clerk's office, discovers the notice, may also find, in the same office, the complaint, and ascertain from that the precise nature and scope of the action. But filing the notice before the action has been commenced by the service of process, is a nullity.

Under the practice before the Code, although as against the defendant the suit might be considered as commenced from the issuing, and even for certain purposes from the teste of process, yet an innocent purchaser could only be charged with constructive notice of the pendency of the suit from the time of the service of the process. (*Murray* agt. *Ballow*, 1 *J. Ch. Rep.* 566; *Hayden* agt. *Bucklin*, 9 *Paige*, 512.)

But the question remains, when was this action commenced by the service of the summons? Judgment in this case was rendered against Thomas Burroughs and all the other defendants except Lewis Reiger, upon their failure to answer the complaint. The Code (§ 281) provides that, in such a case, the following papers shall be attached together and filed, and shall constitute the judgment-roll, namely, the summons and complaint, *proof of service,* and that no answer has been received, the report, if any, and a copy of the judgment. And in order to obtain a judgment in such a case, it is necessary to file with the clerk proof of service of the summons and complaint. (*Code,* § 246.)

From the affidavit on file in this case, it appears that the action was commenced by the service of the summons and complaint on Thomas Burroughs and the other defendants on the 3d day of July, 1854. The affidavit of the plaintiff's attorney, which has been read upon this motion, however, states that a previous service of the summons and complaint was made upon

Burroughs agt. Reiger and others.

Thomas Burroughs on the 19th or 20th of April, 1854, and he insists that such service constituted the actual commencement of this action.

I think the plaintiff is concluded by the affidavit which he has put on file upon which his judgment is founded, and which has become a part of the judgment-roll. The time when the action was commenced was an essential fact, which it was necessary for the plaintiff to establish by evidence before he could obtain his judgment. To allow him to show that in his evidence this fact is untruly stated, and to controvert the truth of his own record, is not admissible. The record shows that Mrs. Hetsel did not purchase *pendente lite*. Is her title, or that of a purchaser from her who, in examining the title in the proper office, finds this record and relies upon it, liable at any time hereafter to be disturbed by the plaintiff's showing that the record is untrue?

I do not wish to be understood as imputing any unfairness to the plaintiff's attorney in this case. There is nothing in the case which warrants such an imputation. But the construction of the statute, and the rule of practice for which they contend, might, in the hands of unscrupulous practitioners, be productive of fraud and injustice.

The views which I have taken of this motion render it unnecessary to express an opinion upon the other points which were discussed upon the argument.

The motion to set aside the writ of assistance is granted, but, under the circumstances, without costs.