## TATE a. JORDAN.

*Supreme Court, Second District; Special Term, November,* 1856.

### NOTICE OF PENDENCY OF ACTION.—TIME OF FILING.

*It seems* that a notice of pendency of action, filed in a foreclosure suit before the service of process, *is* ineffectual as against a purchaser in good faith for value, who takes before such service.

But it is effectual where no change in the title takes place, and no new encumbrances attach in the interval between the filing and the service.

Motion to compel a purchaser at a foreclosure sale, to complete his purchase.

Tate *a.* Jordan.

It appeared that the complaint in this case and a notice of the pendency of the action were filed in the county clerk's office on May 10, 1856. The summons was not served on any one of the defendants till May 21, 1856. It was admitted that no change took place in the title, nor did any encumbrances attach, during the interval.

*H. R. Pierson*, for the motion.

*A. Hadden*, opposed.

BIRDSEYE, J.—The counsel for the purchaser rests his objection to completing this purchase upon the case of Burroughs *v.* Reiger,* (12 *How. Pr. R.*, 172), and upon that part of the opinion of the court, which declares that filing the notice before

---

* In this case,—which was decided in the Supreme Court, second district, at special term, 1856, by Rockwell, J.,—after the filing of the complaint and a notice of pendency of action, in foreclosure, but before the service of the summons and complaint on any of the defendants, the premises had been sold to a purchaser for value, and who took without notice, unless the *lis pendens* was constructive notice.

*Held,* that it was not such notice. An action cannot properly be said to be pending until after it has been commenced. It is pending during the interval between the time of its commencement and its final determination. Actions are commenced by the service of a summons. (*Code,* § 127). Notice of the pendency of an action which has not been commenced is an impossibility and an absurdity. It is not a notice of a fact, but a statement of a falsehood. The fact stated does not exist• The action is not pending. To allow the title to property to be clouded and tied up by a deceptive and mendacious notice of this description, would tend to produce great hardship and injustice. The action might not be commenced by the service of process for years after the filing of such a notice; neither the purchaser nor the vendor could remove the cloud. Whereas if the statement in the notice was true, if the action was in fact pending, the plaintiff might be compelled to move on to judgment, or to abandon his claim.

The true construction and meaning of the statute is that although the action may be commenced by the actual service of process, the filing of a notice of pendency of the action shall not affect subsequent purchasers or incumbrancers until the complaint is filed. So that a person who, upon investigating the title in the clerk's office discovers the notice, may also find in the same office the complaint, and ascertain from that the precise nature and scope of the action. But filing the notice before the action has been commenced by the service of process, is a nullity. Under the practice before the Code, although as against the defendant the suit might be considered as commenced from the issuing and even for certain purposes from the *teste* of process, yet an innocent purchaser could only be charged with constructive notice of the pendency of the suit from the time of the service of the process. (Citing Murray *a.* Barlow, 1 *Johns. Ch. R.*, 568; Hayden *a.* Bucklin, 9 *Paige*, 512).

the action has been commenced by the service of process is a nullity.

I think this portion of the opinion must be read and construed in connection with the facts before the court. There, about two months and a half intervened between the filing of the complaint and notice, and the service of the process. During that interval, the person applying for the aid of the court, purchased the property and went into possession, without any actual knowledge of any proceedings in respect to the action. The question for decision was whether, as to such a purchaser, the filing of the *lis pendens* was constructive notice of the pendency of the action. Though the expression made use of is general, I must suppose that it was intended to apply to the case in hand; and to declare the notice invalid only as to an intervening purchaser or encumbrancer.

Under the practice in Chancery, the bill was required to be filed before the subpœna could be issued; and of course some time must, and much might, elapse after the subpœna was issued before it could be served. But it was said as long ago as 1815, in the case of Murray *v.* Ballou, (1 *John. Ch. R.*, 576), that the " *lis pendens* begins from the service of the subpœna after the bill is filed." The soundness of this position was recognized in Hayden *v.* Bucklin, (9 *Paige,* 516).

The ground of the decision in Burroughs *v.* Reiger is that notice of the pendency of an action which has not been commenced is an impossibility and an absurdity. But as soon as process has been served, the action is commenced; and then this reasoning loses its force. The fact stated does then exist. The action is then pending. The notice ceases to be the statement of a falsehood, and becomes notice of a fact. To hold the notice invalid forever, because there may have been some interval of time however short, when it was not true in point of fact, and was therefore null, is to make a rule of law superior to and independent of the reason on which it is founded. The maxim, *cessante ratione, cessat quoque lex,* applies.

If any other considerations were required to warrant this conclusion, they might be found in the extreme inconvenience that would result from such a rule. It is, in most cases, impossible to make the service of process and the filing of the

complaint and *lis pendens* concurrent acts. If an attorney sends the notice to the clerk and the summons to the sheriff for service, at the same time, the fact that the notice was put on file a day or two before the process was served, cannot work any harm, unless some purchase or encumbrance intervene. To make it avoid the notice entirely and forever, would be an intolerable hardship.

The motion must be granted.

---

## THE PEOPLE *a.* DIXON.

*Supreme Court, Second District ; At Chambers, November,* 1856. *Two Cases.*

APPLICATION FOR BAIL.—EVIDENCE.—PRESUMPTION.

Upon an application by a party arrested under an indictment, to be let to bail, the question is whether the court can see, in the exercise of a sound judicial discretion, that the appearance of the accused to take his trial—which is the object of imprisonment before conviction—will be secured by a recognizance.

The nature of the crime charged,—the kind and degree of punishment affixed to it, —and the probabilities of conviction,—are all to be taken into the account upon determining this question.

In considering whether there is sufficient evidence of guilt to render conviction probable, the judge should not go behind the indictment to examine the depositions taken before the committing magistrate ;—though, *It seems,* he may examine the minutes of the grand jury if those minutes are before him.

For the purposes of this inquiry, there is no presumption that the accused is innocent.

Applications by defendants arrested upon indictments, to be let to bail.

The defendants were John Dixon and Joseph Jackson. Six indictments were found against them on September 18, 1856, upon the testimony of Jane Muldoon and Catharine Sullivan, two emigrant girls. Three of the indictments were against Dixon; one for an assault with intent to commit a rape upon Catharine Sullivan, one for a like assault upon Jane Muldoon, and one for an abduction of Catharine Sullivan. One indictment was against Jackson for rape upon