Mann v. Roberts.

1 L 57
2 pi 307

## HIRAM MANN v. A. W. ROBERTS.

LIEN. *Execution.* *Lis pendens.* *Lost, when.* The lien on land of the levy of a justice's execution, and the *lis pendens* created by the filing of the papers in the circuit court for the condemnation of the land, the order of condemnation, and the *supersedeas* of the *venditioni exponas* thereon by the debtor, will be lost by a failure to prosecute the suit for nearly five years, as against an innocent purchaser for value and without notice, who bought the land from the debtor about three years and six months after the commencement of the period of neglect, and the greater part of whose purchase money had been used to pay off other encumbrances.

### FROM HAYWOOD.

Appeal from the Chancery Court at Brownsville. H. J. LIVINGSTON, Ch.

A. C. ESTES for complainants.

E. J. & J. C. READ and McCORRY & BOND for defendant.

COOPER, J., delivered the opinion of the court.

Bill to enjoin further proceedings under an order of the circuit court condemning to sale a house and lot in Brownsville under the levy of a justice's execution, upon the ground that the lien had been lost by laches, the complainant being an innocent purchaser from the judgment debtor. The chancellor granted the relief sought, and the defendant appealed.

On February 1, 1873, the defendant, Roberts, re-

covered a judgment before a justice of the peace against
Thomas Bond for $312.87 and costs, which judgment
was stayed by H. T. Grant.    On October 31, 1873,
an execution issued on the judgment, and was levied
upon the lot in controversy as the property of Grant,
he then owning and residing upon it.    At the
October term, 1873, of the circuit court the papers
were returned to that court, and the land condemned
and ordered to be sold.    On February 7, 1874, Grant,
by petition filed for the purpose, superseded the exe-
cution of the order of sale, upon the ground that
Bond, the principal debtor, had property in the county
at the time of the levy on petitioner's land, subject
to execution and unencumbered, more than sufficient
to satisfy the judgment.    On March 19, 1874, the
motion of Roberts to dimiss the petition and discharge
the *supersedeas* was refused, an entry to that effect be-
ing made on the minutes of the court in the cause
under the style of A. W. Roberts *v.* Thomas Bond
and H. T. Grant.    From that time no step was
taken in the cause until the October term, 1877, when
there is an entry on the minutes that the cause was
continued by consent.    Up to this time, the cause had
been permitted to slumber on the reference docket,
which docket, the proof shows, was not called during
that period.    Afterwards, the memoranda of the cir-
cuit judge on the trial docket show either that noth-
ing was done, or continuances by consent, until the
February term, 1879.    At this term, the minutes
show a continuance as on affidavit of the defendant.
At the June term, 1879, the cause was tried, the

*supersedeas* discharged, and a *venditioni exponas* ordered to issue upon the order of condemnation of the October term, 1873. At the October term, 1879, it was suggested to the court that Grant was dead, and that he had previously sold and conveyed the land to Hiram Mann, whereupon a *scire facias* was ordered to issue to Mann requiring him to show cause why the suit of A. W. Roberts *v.* Thomas Bond and H. T. Grant should not be revived against him. This bill was then filed.

On August 7, 1877, Grant, then in the actual occupancy of the land, sold and conveyed it to the complainant for $2,500 in cash, all of which was paid, and the greater part of which was used in removing encumbrances, in the shape of judgments, mortgages and tax sales, then existing on the land. The proof leaves no doubt that the complainant was an innocent purchaser of the land for its full value, without notice of the defendant's judgment, the levy of the execution thereon, or the subsequent proceedings in the circuit court until served with the *scire facias* on December 19, 1879. The complainant went into possession of the land at the time of his purchase, and has since continued to occupy it.

An order of condemnation of land upon the levy of a justice's execution is not a judgment, but only a mode of executing the levy: *Ashworth* v. *Demier*, 1 Baxt., 323; *Overton* v. *Perkins*, M. & Y., 367. It is not notice to third persons, nor would it be if a judgment, the notice implied from a pending litigation ceasing with its determination: *Worsley* v. *Earl of*

*Scarborough,* 3 Atk., 392; *Dudley* v. *Witter,* 46 Ala., ·664. An order of condemnation gives no lien, but merely continues the lien of the levy, to which the title of the purchaser under the sale would relate.

The only proper use of an execution is to enforce the collection of a debt, and to enforce it, so far as the rights of third persons are concerned, with reasonable diligence. The creditor cannot use it merely as a security for his debt by a levy on property, for the lien thus created is a secret lien, and may operate to the prejudice of innocent third persons if the debtor be left in possession of the property : Freem. on Ex., sec. 206. The lien may be lost by inaction ·or negligence in not properly and promptly pursuing it : *Etheredge* v. *Edwards,* 1 Swan, 429; *Snell* v. *Allen,* 1 Swan, 208. A ·delay of seventeen months in one case, and of three years · in another, has been held sufficient to deprive a creditor of a priority of lien by levy : *Owens* v. *Patterson,* 6 B. Mon., 489; *Deposit Bank* v. *Berry,* 2 Bush., 236. And this court has held that the lien of a levy on land of a justice's execution may be lost, as against an intermediate innocent purchaser, · by a failure to file the papers in the circuit court for condemnation in a reasonable time : *Anderson* v. *Talbot,* 1 Heis., 407 ; *Zook* v. *Smith,* ·6 Baxt., 213. These cases also hold that the pro- ·ceedings of condemnation become a *lis pendens* from the date of such filing. And the effect of the *lis pendens* in this case is thus raised.

The doctrine of *lis pendens,* by which a *bona fide* purchaser without notice is held bound by the result

of the suit as if he had notice, is one of public policy and necessary to bring litigation to an end. It is *strictissimi juris*, and only applies when there has been a compliance in the pending suit with all the requirements which call it into operation. The rule is thus expressed by Lord Bacon: "No decree bindeth any that cometh in *bona fide* by conveyance from the defendant before the bill is exhibited, and is made no party to the bill in order; but when he comes in *pendente lite*, and while the suit is in full prosecution, and without any color of allowance or privity of court, there regularly the decree bindeth. But if there were any intermissions of suit, or the court made acquainted with the conveyance, the court is to give order upon the special matters according to justice." If, therefore, there be " any intermissions of suit," the rule will not apply: Freeman on Judgments, sec. 203. So, the rule applies " while the suit is in full prosecution," not when it is proceeded in with culpable negligence. To have the benefit of it there should be a close and continuous prosecution of the suit from its commencement to its close, taking into consideration the character of the case, the obstacles thrown in the way by the opposing litigant, and the usual law's delay: *Hayden* v. *Bucklin,* 9 Paige, 512. The lien will not, perhaps, be impaired by ordinary negligence, and will only be lost by unusual and unreasonable delay. The delay may be explained, but if not explained the question becomes one of culpable laches to the injury of an innocent third person. And what constitutes unreasonable want of diligence, or undue

delay, must be determined by the particular circum-
stances of each case: Freeman on Judgments, sec. 202;
2 W. & T. Lead. Cas. Eq. 198 (4th ed.).    The lien
of an attachment on land has been held to be
lost by a delay of two years in prosecuting the suit:
*Petree* v. *Bell*, 2 Bush. 58.    And so of a mechanic's
lien where there was a delay of four years: *Ehrman*
v. *Kendrick*, 1 Met. (Ky.) 146.

In the case before us, the suit was allowed to
sleep upon the reference docket from March 19, 1874,
to the October term 1877, when it was transferred to
the trial docket, and no step was then taken by the
plaintiff, now the defendant, until the February term,
1879.    In the meantime, during the first sleep, and
after the lapse of over three years, the complainant
became the innocent purchaser of the property at its
full value.    No excuse whatever is offered for the
delay, although the defendant is examined as a witness
on his own behalf.    There was nothing in the char-
acter of the litigation to justify the delay.    The very
fact that the title to the property, and the extent of en-
cumbrances upon it were examined into by an attorney
of the court in which the suit was pending, without
discovery, shows how completely the cause was retired
from public notice, and allowed to sleep by defendant.
He has clearly been guilty of that degree of negli-
gence which deprives him of the benefit of the *lis
pendens* as against the complainant, an innocent third
person without notice.

The cases of *Spence, exparte,* 6 Lea, 391, and *Ross*
v. *Swan,* 7 Lea, 463, relied upon by the defendant's

counsel, have no application to this case. In both of those cases, the purchasers claimed under a party whose title was derived by purchase in the pending suit, and their own muniments of title fixed them with notice of suit. The constructive notice thus fixed upon them was equivalent to actual notice. The doctrine of *lis pendens* does not depend upon notice at all.

There is no error in the chancellors's decree, and it will be affirmed with costs.

FREEMAN, J., delivered the following dissenting opinion:

I dissent from the conclusion of a majority of the court in this case.

The plaintiff had fixed his lien on the property by his levy, had the papers returned to the circuit court, an order of sale made, and was actively proceeding to sell the land under that order.

He was stopped by *certiorari* and *supersedeas* of Grant, based on the proposition, that his property was not subject to levy and sale in this case, because the principal debtor had property subject to execution, free from incumbrance. This was not a sufficient legal ground to sustain the *supersedeas,* but on motion of the plaintiff, it was held sufficient, and the court refused to dismiss the petition. The case then stood on the facts alleged, to be shown by proof, that proof to be made out by petitioner.

Plaintiff could not be required to make out a negative, that is that the principal did not have property

unencumbered subject to execution.    That he has not brought the case to trial on the issue in three years or near that period is a matter that cannot be charged on him as laches, or an abandonment of his levy, or even abatement of the rigor of his *lis pendens.*    The record shows that in this period the reference, docket was not called for trial within the period of several years.    But how this can be made to affect the *lis pendens* I am unable to see.    It was the business and right of the court to call the docket, not of plaintiff.    He could not call this docket for trial, nor do I know any rule of law which would enable him to compel the court to do so, in ordering cases.    This being so, the case was pending as other cases on that docket, that docket not being called for trial for several years, and so the plaintiff had no opportunity to press his case.    It was however the duty of the other party to take the active part in the case.    He held the affirmative.    How plaintiff could have sooner compelled him to proceed, I do not see from this record. Certainly I see nothing that shows either an abandonment of his levy, or any culpable neglect of his suit, by which his clear right fixed by his levy was lost.

For these and other reasons that might be given. I respectfully dissent from the opinion of the court.


COOPER, J., upon petition to rehear, said:

In the elaborate argument submitted by the defendant in support of his petition for a rehearing it is not suggested that any material fact in the record,

Mann *v.* Roberts.

has been overlooked by the court, nor is a single new authority adduced upon the point on .which the case was made to turn in the former opinion of the court.. There are some citations of cases where the lien of a judgment, a levy, or of a *lis pendens* has been allowed' to prevail after protracted litigation, and apparently unnecessary delay. But not one of these cases shows an· issue between the lien creditor and an innocent purchaser pending the litigation upon the laches of the· creditor in prosecuting his suit.

The main ground of the argument is one that was considered by the court on the former hearing, namely, that the petition of Grant in the original suit of Roberts *v.* Bond and Grant was in the nature of a new suit in which Grant was the actor. But ·no authority is adduced in support of this assumption, nor any argument made to maintain it upon principle. The writs of *certiorari* and *supersedeas* are˙ authorized by law to bring up the record or papers of a cause· before a justice of the peace for a new trial, as ˚a substitute for an appeal, or instead of the common law writ of *audita querela* based upon something which has happened since the judgment. In either case the petition is only in the nature of an affidavit, and merely contains a statement of the facts on‚ which the writs are asked. If the petition be sufficient, the case brought up in the first class of cases is tried *de novo.* It is the same case exactly, the parties occupying the same attitude, and the matters are to be tried as before. Such a petition is clearly not a new suit or in the nature of a new suit. If the petition and writs be

based upon something which has happened since the judgment, they bring up the case as it stood before the justice after judgment, and the petitioner obtains relief or a hearing by moving to quash the execution, or other proceeding complained of: *Linebaugh* v. *Rinker*, Peck, 363; *Sellars* v. *Fite*, 3 Baxt., 131. The *certiorari* is directed to the magistrate and the *super-sedeas* to the creditor, officer or person having the execution. A notice is all that is necessary to bring the opposing party into court: *Nicks* v. *Johnson*, 3 Sneed, 324; *McDowell* v. *Keller*, 1 Heis. 450. The parties stand exactly as they did before, (Car. Hist. Law Suit, sec. 681,) the burden of proof being usually upon the petitioner to make out his defense, but it may be thrown on the plaintiff by the nature of the issue, as, for example, by a denial under oath of the authority to sign the petitioner's name as stayor: *McDowell* v. *Turney*, 5 Sneed, 226. The plaintiff before the justice is the plaintiff in the circuit court, and must prosecute the suit.

Petition refused.