Dickman, J.
The object of the suit in Union county was, to set aside the deed of conveyance, executed by Phebe Benton to Daniel S. Benton and Lewis Benton, of the tract of land in Delaware county, upon which Mary J. Shafer holds the mortgage in controversy, also, to recover the real property embraced in the mortgage, and to cause partition of the same to be made among the heirs of Phebe Benton. In the same suit, partition among the same heirs was sought *125 of another tract of land, situated in Union county. The land in Union county is not a continuous and entire tract with the land in Delaware county, but the two are separate and independent tracts, several miles apart.
Although when the estate is situated in two or more counties, proceedings for partition may be had in any county wherein a part of such estate is situated, and also in actions to recover real property when the property is an entire tract, yet, in partition, each tenant in common, coparcener, or other interested person, is entitled to be named as defendant therein ; and in an action to recover real property in an entire tract and situate in more than one county, all persons claiming title to, or an interest in the property, may be made defendants.
Conceding that all the proper parties were before the court at the commencement of the action in Union county, and up to the time when Mary J. Shafer received her mortgage from Daniel S. Benton, the question arises, whether upon the agreed facts in the present case, she is to be concluded by the judgment rendered in the Union county action. To that action she was not a party; at the date of its commencement and ever since she has been a resident of Delaware county; and she had no actual notice of the suit in Union county, or of the proceedings therein, when Daniel S. Benton executed and delivered to her the note and mortgage in litigation. She took her mortgage after searching the records of Delaware county, where she found the deed from Phebe Benton to Daniel S. Benton duly recorded, and no record of any lien or pending suit affecting the title of the Delaware county land.
The decision of the Court of Common Pleas of Union county was rendered May 13,1881, and the final decree in the action was rendered on appeal, March 10,1883, by the district court. The mortgage to Mary J. Shafer bears date October 28, 1882, and was filed for record November 11,1882. It is contended therefore, that notwithstanding the facts in the case, as the suit in Union county was pending when Daniel S. Benton executed and delivered to her the mortgage on *126 the lands in Delaware county, she acquired no interest in the subject matter of the suit, as against the title of Lewis Benton, the purchaser at the partition sale, and the other plaintiffs in error.
The rule concerning the effect of Us pendens, unmodified by statute, would seem in some instances stern and inequitable in its operation. In Bellamy v. Sabine, 1 De. G. & J. 566, it was said by Turner, L. J.: “ Ic is not correct to speak of Us pendens as affecting a purchaser through the doctrine of notice, though undoubtedly the language of the courts often so describes its operation. It affects him not because it amounts to notice, but because the law does not allow litigant parties to give to others, pending the litigation, rights to the property in dispute, so as to prejudice the opposite party.” And yet, the doctrine of notice has not been eliminated in determining the effect of alienating property in dispute, pending the litigation.
But, the rule concerning constructive notice by lis pendens, has always been regarded by the courts as a harsh one in its application to bona fide purchasers for value.. In Hayden v. Bucklin, 9 Paige, 512, Chancellor Walworth said: “ This common law rule of requiring purchasers at their peril to take notice of the pendency of suits in'courts of justice, for the recovery of the property they are about to purchase, although it is nearly impossible that they should actually know that such suits have been commenced, has always been considered a hard rule, and is by no means a favorite with the court of chancery.” The stringency of the rule has led the English Parliament and the legislatures of many states to interfere, resulting in most material statutory modifications and restrictions. An example of such legislation is found in the English statute which provides that, a pending suit will not affect a purchaser foi’ value and without express notice, unless a notice of Us pendens has been properly registered in compliance with the statutory directions. Stat. of 2 and 3 Yict. Ch. 11, § 7; Pom. Eq. Juris. §§ 639, 640.
Our own statutory provisions are found in sections 5055 and 5056 of the Revised Statutes. Section 5055 reads ás *127 follows: “ When the summons has been served or publication made, the action is pending so as to charge third persons with notice of its pendency; and while pending, no interest can be acquired by third persons in the subject-matter thereof as against the plaintiff’s title.”
Under this section, if the land mortgaged to Mary J. Shafer had been situated in Union county instead of Delaware county, she would have taken the mortgage with constructive notice of the pending litigation, and would have acquired no interest in the property, as against the title of the plaintiffs in the action. The general rule is, that, as to real property located within the jurisdiction of the court where its judgments and decrees may become or be made liens upon the property, all men must take notice of and be bound by the pending litigation without regard to residence. But a mortgagee of real property, not part of an entire tract situate in more than one county, will not be charged with constructive notice of an action for the recovery of such property, pending in a county other than that in which the property is situated.
Section 5056 of the Revised Statutes, on the subject of Us pendens as to suits in other counties, provides as follows: “ When any part of real property, the subject-matter of an action, is situate in any county or counties other than the one in which the action is brought, a certified copy of the judgment in such action must be recorded in the recorder’s office of such other county or counties, before it shall operate therein as notice so as to -charge third persons, as provided in the preceding section; but it shall operate as such notice, without record, in the county where it is rendered.”
By this section of the statutes, where part of the real property in litigation is located in the county where the action is brought, and part in another county, the judgment, in the county where it is rendered, is. made to operate as notice of the pendency of the action, without record. In the county where the action is brought and judgment rendered, and the real property or a part thereof is situated, it is presumed under the statute, that a purchaser of the. subject- *128 matter of the suit situated in that county, has knowledge of the prior proceedings upon which the judgment is founded, without regard to its record. But in a county where the action is not brought, and the judgment is not rendered, and the title to real property therein located is sought to be changed or affected, a purchaser is not presumed to have such knowledge of the pending action or proceedings leading to the judgment, and hence, the statute requires the judgment to be recorded in such county before it can operate therein as notice to a purchaser, as provided in the preceding section 5055 of the Revised Statutes. In the case at bar, it is among the agreed facts, that the proceedings, or decree rendered, in the suit in Union county, have not been recorded in the county of Delaware.
If the purchaser of a tract of land situated entirely, in the county of his domicil, who has no actual notice or information of any judicial proceedings in any county in reference to such land, searches the records of the county where the land is located, and finds no pending proceedings, judgment liens or other incumbrances affecting the title to the same, it is not the intent of the statute, that such purchaser shalL be compelled to examine the records of the courts of every county in the state, to find whether a suit is pending that would affect the title. And the section of the statute, now under consideration, in the protection of the innocent purchaser for value and without actual notice, accordingly provides, that a judgment rendered in a county other than that in which the purchased part of the land lies, shall^ be recorded in the county where such land is situated, before it shall operate therein as notice of the pendency of an action hr the county where such judgment was rendered.
But the doctrine of lis pendens which has been invoked in behalf of the plaintiffs in error, rests upon the jurisdiction of the court over the subject matter involved in the suit. “ To make the pendency of a suit notice, so as to affect the conscience of a purchaser, it is essential that the court have jurisdiction over the thing.” McLean, J., in Carrington v. Brents, 1 McLean, 167. In Jones v. Lusk, 2 Met. (Ky.) *129 356, it is said by Dubaxl, J.: “ Unless the petition shows unAn its face a case for the jurisdiction of the chancellor, the proceedings cannot operate as a lis pendens, even from the date of the service of process, so as to affect the property sought to be subjected, or to overreach a subsequent sale or other disposition of it.” See also, Fonbl. Eq. B. 2, ch. 6, sec. 3, note n.; Sorrel v. Carpenter, 2 Peere Wins. 482; Worsley v. Earl of Scarborough, 3 Atk. 392; Bishop of Winchester v. Paine, 11 Ves. Jr. 194; Murray v. Ballou, 1 Johns. Ch. 566; Bennett on Lis Pendens, secs. 98, 99, 100.
It is true, that the action in Union county was, to have partition of lands lying in that county, and also in Delaware county; and when tbe estate to be partitioned is situated in two or more counties, the proceedings, as before observed, may be had in any county wherein a part of such estate is situated. But, the purpose of that action, as appears from the agreed statement of facts, was also to set aside the deed of conveyance made by Phebe Benton to Daniel S. Benton and Lewis Benton, of the tract of land in Delaware county mortgaged to Mary J. Shafer, “and to recover the said real estate situated in Delaware county.” By section 5023 of the Revised Statutes, “ When the property is situated in more than one county, the action may be brought in either; but in actions to recover real property, this can only be done when the property is an entire tract.” The mortgaged real property situated in Delaware county was not part of an entire tract situate iii more than one county, but was a separate and independent tract of land located entirely in Delaware county. As the action to recover the real property was brought in Union county, where <no part of the land embraced in the mortgage was located, the defendant in error, Mary J. Shafer, cannot be held chargeable with constructive notice of the pendency of the action.

Judgment affirmed.