PENNINGTON *v.* MARTIN.

[No. 17,762.   Filed January 28, 1897.]

LIS PENDENS.— *Failure to File.—Bona Fide Purchaser.—* Where a decree to enforce a vendor's lien has been reversed on appeal to the Supreme Court, and such reversal has been entered in the lower court, and no *lis pendens* notice having been filed, one purchasing the real estate against which the lien is sought to be enforced, takes it discharged of such lien.

From the Boone Circuit Court. *Affirmed.*

*H. C. Wills* and *Ralston & Keefe,* for appellant.

*T. J. Terhune,* for appellee.

HACKNEY, J.—The appellee, James M. Martin, sued the appellant, Isaac Pennington, to quiet his title to a tract of land in Boone county.

The questions for decision arise upon exceptions to conclusions of law stated upon a special finding of facts. Briefly stated, the facts found were that, in October, 1889, the appellant conveyed said tract to his son, James, who, in July, 1891, conveyed, through another, to his wife, Laura F. Pennington. Later James died, and the appellant sued Laura to enforce a vendor's lien against the land for $600.00, and he obtained a decree for $206.83 and a lien in January, 1892. From

that decree he appealed to this court, where he obtained a reversal because of the insufficiency of the amount found in his favor. *Pennington* v. *Pennington*, 138 Ind. 8. On the day following the reversal, May 10, 1894, the clerk of the lower court noted upon the judgment docket, opposite the entry of the rendition of said decree, the fact of said reversal. On June 21, 1894, the appellee purchased from said Laura the lands in question and received from her a deed of conveyance therefor upon full consideration then paid. Until June 25, 1894, said Martin had no actual knowledge of any claim against said land, nor of the pendency of said suit, when an attorney for the appellant advised him of the suit and of the claim. On said day, for the first time, the appellant caused a *lis pendens* notice to be entered in said clerk's office. Thereafter said suit between said Isaac and Laura Pennington proceeded, without making Martin a party, until in January, 1895, when said Isaac obtained a decree for $600.00 and a lien upon said land as against said Laura.

The conclusions of law were that the appellee was not chargeable with actual or constructive notice of the appellant's lien, that he was not estopped by the last mentioned decree and that his title should be quieted.

The statute, Burns' R. S. 1894, section 327 *et seq*, provides that "whenever any person shall have commenced a suit, whether by complaint, or by cross-complaint as defendant, to enforce any lien upon, or right to, or interest in any real estate upon any claim not founded upon an instrument executed by the party having the legal title to such real estate, as appears from the proper records * * *. It shall be the duty of such person to file with the clerk of the circuit court in each county where the real estate sought to be af-

fected is situated, a written notice containing the title of the court, the names of all the parties to such suit, a description of the real estate to be affected, and the nature of the lien, right, or interest sought to be enforced against the same;" which notices shall be recorded in the Lis Pendens Record. Until such notices are filed as thus required "the bringing of suits for the purposes mentioned * * * * * shall not operate as constructive notice of the pendency of such suits, * * * * nor have any force or effect as against *bona fide* purchasers or incumbrances of" said real estate.

The lien sought to be enforced by this appellant was one clearly within the provisions so requiring notice of the pending suit. What then was the effect of his failure to file the notice until after the appellee had purchased the land, paid his money and received the conveyance? The answer of the statute is, that if the appellee was a *bona fide* purchaser, that failure shall defeat constructive notice of the pendency of the suit.

The learned counsel for the appellant suggest that courts do not favor *lis pendens* statutes, and will not construe them broadly. If this were true we find no room for a construction which would eliminate, or even modify the strong words of the statute that until the notice is filed the bringing of the suit "shall not operate as constructive notice." Statutes of this class are numerous and have often been construed by the courts. The decisions are uniform in holding that "The *lis pendens* acts limit the method of creating *lis pendens*—they abrogate the common law upon the subject, and if the statutory mode be not followed, there can be no *lis pendens* as to third parties." Bennett on Lis Pendens, section 321; *Bensley* v. *The Mountain Lake, etc., Co.*, 13 Cal. 306; *Corwin* v. *Bensley*, 43 Cal. 253; *Jorgenson* v. *Minneapolis, etc., R. W. Co.*, 25 Minn. 206; *Arnold* v. *Casner*, 22 W. Va. 444, 459;

*Burroughs* v. *Reiger*, 12 How. Pr. 171; *Tate* v. *Jordan*, 3 Abb. Pr. 392; *Abadie* v. *Lobero*, 36 Cal. 390; *Hammond* v. *Paxton*, 58 Mich. 393, 25 N. W. 321; 13 Am. and Eng. Ency. of Law, p. 895.

In the authority last cited the rule is stated that "Where no notice of *lis pendens* is filed or recorded and no actual notice to the party interested is shown, there is no binding *lis pendens*." See also *Smith* v. *Gale*, 144 U. S. 509, 526.

If constructive notice, without the filing required, is denied by statute, and since it is found that the appellee had no actual notice of the suit or claim therein when he purchased, there seems no escape from the conclusion that he is not bound by the result of the suit. The decree which is relied upon by counsel for the appellant in support of his lien against the appellee's claim of title is that last rendered, and in the nature of the case this must be, since the first decree was held erroneous and, when this suit was brought, stood for naught. If the pending litigation had been constructive notice to Martin of the amount of the claim or judgment of the appellant, and had the judgment continued in force, its lien as a judgment for money, and not as a specific decree declaring the lien for unpaid purchase money, might have been effective, but in view of our statutory provisions the specific lien constituted no constructive notice, and the reversal of the judgment relieved the property from the lien as a judgment upon a money demand.

The case of *Arrington* v. *Arrington*, 114 N. C. 151, 19 S. E. 351, is cited on behalf of the appellant as holding, and it does hold, that in the county where the suit is pending for the enforcement of the lien, if the description of the land and the object of the suit appear from the complaint, the suit will be constructive

notice to purchasers of the lands in such county, even if the *lis pendens* notice is not filed.

The *lis pendens* statute of North Carolina, under which that decision was made, differs widely from our statute. It is there but provided that such notice may be filed. It is not required to be recorded, and the failure to so file is not declared, as in our statute, to deny constructive notice from the pending suit. It is possible, under the statute of that state, to hold that the filing of a complaint containing all of the elements of notice required by the statute would constitute constructive notice. Such holding is not possible under our statute.

Nor do we observe the force of the suggestion of counsel for the appellant that the appellee should have sought to become a party to the suit between Isaac and Laura F. Pennington after he became advised of the claim of said Isaac to a vendor's lien. Appellee then held the legal title to the lands, unaffected by constructive notice of the pending suit, and to have intervened would have accomplished nothing that was not then secured to him by his deed.

In the absence of both actual and constructive notice of the vendor's lien the appellee could certainly not be estopped to maintain his title by deed.

The judgment is affirmed.