AXEL JORGENSON and another *vs.* MINNEAPOLIS & ST. LOUIS
RAILWAY COMPANY.

July 22, 1878.

**Notice of Lis Pendens.**—Since Laws 1869, *c.* 75, (Gen. St. 1878, *c.* 75, § 34,) regulating the filing of notice of *lis pendens,* a purchaser from one of the parties to an action affecting the title to real estate is not charged with notice of the pendency of the action, nor bound by the judgment, except in favor of a party who filed notice of *lis pendens* as provided by that act.

Appeal by plaintiffs from a judgment of the district court

for Scott county, where the action was tried before *Macdonald,* J., a jury being waived.

*H. J. Peck,* for appellants.

*L. L. Baxter,* for respondent.

GILFILLAN, C. J.   In 1858, Levi H. Griffin was the owner of certain lands in the county of Scott, and conveyed them, in that year, to Nancy H. Griffin, who conveyed them to Eliza J. Griffin, the wife of Levi H.   In 1859, Axel Jorgenson recovered judgment in the district court, in the county of Carver, against Levi H., and in 1864, the judgment was docketed in the county of Scott, and under it an execution was issued and levied upon the real estate, as the property of the judgment debtor, and it was sold under such levy in July, 1864, and bid in by Jorgenson, and the usual certificate of sale was made to him and recorded.   After the recording of the certificate, and in August, 1864, Eliza J. and Levi H. Griffin commenced an action against Jorgenson in the county of Scott, for the purpose of having the said docketing of said judgment, the execution sale, the certificate of sale, and the record thereof, vacated, set aside, and adjudged null and void, and they filed and caused to be recorded, in the office of the register of deeds of said county, a notice of the pendency of said action, describing the real estate, and stating the object of the action.   Jorgenson answered in the action, demanding that the conveyances from Levi H. to Nancy H., and from her to Eliza J., be adjudged fraudulent and void, and of no force or effect as against him, and, in 1873, judgment to that effect was rendered in said action.   Pending the action, in 1871, Eliza J. conveyed a portion of the real estate to this defendant.   In 1876, Jorgenson conveyed an undivided half of all the real estate to plaintiff Brown.   This action is ejectment, and the only question is, did the defendant, at the time of purchasing, have notice of the pendency of the action by Eliza J. and Levi H. Griffin against Jorgenson, so as to be bound by the judgment?

It is true that under the statute as it stood at the time of

the levy of this execution, an execution was required to be · levied upon property in the same manner as the levy of an attachment was required to be made, (Pub. St. c. 61, § 88,) and that the officer levying an attachment was required to make and file for record a certified copy of the warrant and his return thereon; (Pub. St. c. 60, § 149;) and also, that it was decided in *Arper* v. *Baze*, 9 Minn. 98 (108,) that an attachment might be levied on real estate which had been previously conveyed by the debtor in fraud of his creditors; and that, by reason of the record made of the levy of the attachment, all persons subsequently purchasing the real estate were charged with notice of, and bound by, the claim of the attaching creditor that such conveyance was fraudulent. There is, however, no ground for the application of the decision to this case. For it is not found as a fact that the conveyances by Levi H. to Nancy, and by Nancy to Eliza J., were fraudulent. It is found only that, in the suit of Eliza J. and Levi H. against Jorgenson, the conveyances were adjudged fraudulent and void. This does not, as between the parties to this suit, show the fact of fraud, unless the judgment is binding between them.

At common law, all purchasers from either party, *pendente lite*, were bound by the result of the action. The statute, by providing for a notice of *lis pendens*, has to some extent modfied this rule. The act of 1860, c. 60, and also that of 1861, c. 19, provided for the filing and recording of a notice of the pendency and object of an action affecting real estate, by the plaintiff only; the latter statute declared, that "from the filing of such notice, and from such time only, shall the pendency of the action be notice to purchasers or incumbrancers of the · rights and equities of the plaintiff to the real property in said notice described." A previous clause provided that "when the plaintiff amends his complaint by altering the description of the premises affected thereby, or so as to extend his claim against the premises, he must file a new notice." The notice was to be, in effect, a notice of what rights and equities were

claimed by the plaintiff in the action. The purpose of authorizing it was to enable the plaintiff to prevent his action being defeated by transfers pending the action, made by the defendant, and, at the same time, to protect purchasers from the defendant, by requiring that notice of the rights and equities claimed by plaintiff in the action, and of the pendency of an action to determine them, should be recorded in the office of the register of deeds, where purchasers usually look for matters affecting title to real estate. As it is not to be supposed that the legislature intended that protection to the rights of the defendant against transfers by the plaintiff *pendente lite* should be dependent on the action of the plaintiff, and as no provision was made for the defendant to protect himself by a notice, the conclusion is that, for his protection, the pendency of the action alone was notice to purchasers from the plaintiff, and that such notice was not to be affected by the notice filed by plaintiff. In 1869, however, Laws 1869, *c.* 75, (Gen. St. 1878, *c.* 75, § 34,) the statute was amended so as to authorize any party to an action affecting real estate to file a notice of its pendency and object, so as to provide, that "from the time of filing such notice, and from such time only, the pendency of the action shall be notice to purchasers and incumbrancers of the rights and equities of the party filing such notice, to the real property in such notice described." This statute was clearly intended to abrogate entirely, and as to all the parties, the common-law rule that purchasers *pendente lite* are charged with notice by the mere pendency of the action, and bound by its result, and to leave it to each party to protect himself against the effect of transfers by the opposite party, by filing notice. The amendment expressly applies to actions theretofore as well as those thereafter commenced, and includes the action of the Griffins against Jorgenson.

The conveyance by those plaintiffs to this defendant was made after the pendency of that action ceased, under the act of 1869, to be notice to purchasers from those plaintiffs, of the

rights and equities of that defendant.    The purchaser was not bound by the result of that action, and, as to it, the fraudulent character of the conveyances by Levi H. to Nancy, and by Nancy to Eliza J., no way appears.

Judgment affirmed.