## GILMAN v. CARPENTER et al.

Among the grounds for a new trial enumerated by Rev. Code Civ. Proc. § 301,, are (6) insufficiency of the evidence to justify the verdict or other decision or that it is against law, and (7) error in law, occurring at the trial and excepted to by the party making the application. Section 303 provides that the party intending to move for a new trial must serve notice of his intention designating the statutory grounds on which the motion will be made, and whether it will be made upon affidavits, minutes of the court, bill of exceptions,

or a statement of the case. Subdivision 4 of that section, relating to motions made on the minutes of the court, contains the only requirement for specifications of the particular errors relied on. A notice of intention to move for a new trial was on the grounds: (1) Errors of law occurring at the trial and duly excepted to by plaintiff; (2), that the decision is against law, and notice was given therein that the motion would be made on a bill of exceptions thereafter to be settled. The bill of exceptions when filed specifically stated the errors relied on. **Held,** that the notice was sufficient.

Under the notice only questions of law arising upon the admission of evidence objected to, and to which exceptions were duly taken, could be reviewed, and the sufficiency of the evidence was not for consideration.

At common law, it was the general rule that a purchaser of property bought pending litigation concerning it, who was in privity with his vendor, was bound by the judgment in that suit as though he were a party of record, since the law inferred that all persons had notice of the proceedings of the courts of record, and he who intermeddled with property in litigation did so at his peril.

Rev. Code Civ. Proc. § 108, permits the filing of a notice of lis pendens with the register of deeds of each county in which the real property affected by the action is situated, and provides the matter to be contained in such notice, and that from the time of filing only shall the pendency of the action be constructive notice to a purchaser or incumbrancer of the property affected thereby, and that every person whose conveyance or incumbrance is subsequently executed or recorded shall be deemed a subsequent purchaser or incumbrancer, and shall be bound by all proceedings taken after the filing of such notice as though he were a party to the action, and that for the purpose of the section an action shall be deemed to be pending from the time of filing such notice. In an action to quiet title plaintiff claimed under a deed from W. executed July 10, 1901, and recorded October, 1903. The complaint, in an action by C. against W. to quiet title to the land in question, was filed July 12, 1901, and in February, 1902, judgment by default was rendered against W.; but no notice of lis pendens was ever filed. **Held,** that the C. judgment was not binding on plaintiff, and was not admissible in evidence against him, since the effect of the failure to file notice of lis pendens was such that in contemplation of law there never was any such action pending, and the fact that plaintiff did not record his deed until after the judgment did not affect his right to hold the property as against the judgment in the C. action.

Judgments and decrees are conclusive only as between the parties and their privies, and the party to be connected with the judgment by privity must be one who claims an interest in the subject affected through or under one of the parties. Hence one is not bound by notice of lis pendens or proceedings in an action to which neither he

nor those through whom he claims were parties, and such matters are not admissible against him in an action to quiet title.

G., the original owner of land, gave a trust deed mortgage in 1886, and subsequently gave a warranty deed through which by mesne conveyances W. obtained title by warranty deed in February, 1901. The mortgage through intermediate assignments came into W.'s hands by an assignment dated May, 1896, and recorded in October, 1902. Plaintiff claimed the land through a deed from W. dated July 10, 1901, recorded October, 1903, and defendant claimed through a judg- ment rendered against W. in February, 1902 ,without notice of lis pendens. **Held**, in an action to quiet title, that the trust deed and the various assignments were not admissible against plaintiff, who claimed no rights thereunder.

(Opinion filed, March 7, 1908.)

Appeal from Circuit Court, Faulk County. Hon. LORING E. GAFFY, Judge.

Action by W. S. Gilman against H. M. Carpenter and others. From a judgment for defendants and an order denying a new trial, plaintiff appeals. Reversed.

John Glodt, who executed the trust deed, mentioned in the following opinion, was the patentee of the land in question, and through mesne conveyances from him M. E. Waldon received a warranty deed dated February 28, 1901, recorded July 6, 1901, conveying the land in question.

*Frank Turner* and *Goodner & Goodner,* for appellant. *J. A. Pickler* and *Albert Gunderson,* for respondents.

CORSON, J. This action was instituted by the plaintiff to quiet his title to a quarter section of land in Faulk county, and to determine adverse claims thereto, and was brought under the provisions of chapter 194, p. 255, of the Laws of 1903. The case was tried by the court without a jury, and, findings and judgment being in favor of the defendants, the plaintiff has appealed.

It appears from respondents' amended abstract, which is not controverted by the appellant, that the notice of intention to move for a new trial was upon the grounds: "(1) Errors of law occurring at the trial and duly excepted to by plaintiff; (2) that the decision is against law," to which is added the following: "You will further take notice that the said motion will be made on a bill of exceptions hereafter to be settled in this action." By section 301 of the Re-

vised Code of Civil Procedure, it is provided that a new trial may be granted on the application of the party aggrieved for "(6) insufficiency of the evidence to justify the verdict or other decision or that it is against law, (7) error in law, occurring at the trial and excepted to by the party making the application." By section 303, it is provided: "The party intending to move for a new trial must * * * serve upon the adverse party a notice of his intention designating the statutory grounds upon which the motion will be made and whether the same will be made upon affidavits, or the minutes of the court, or a bill of exceptions, or a statement of the case."

It will be observed that the notice of intention in the case at bar only states as grounds for the motion errors of law occurring at the trial, and that the decision of the court was against law, and the respondent was notified that said motion would be made upon a bill of exceptions thereafter to be settled. It was only necessary therefore, in the notice of intention, to state generally the grounds upon which the motion would be made, and, notice being given therein that the motion would be made upon a bill of exceptions, specification of errors relied on were not required in the notice of intention, and the errors relied on are specifically stated in the bill of exceptions. Specification of the particular errors relied on in the choice of intention is only required when the motion for a new trial is made upon the minutes of the court. Subdivision 4, § 303, Rev. Code Civ. Proc. The only questions therefore before the court are questions of law arising upon the admission of evidence objected to by the appellant and to which exceptions were duly taken. The consideration of the question of the insufficiency of the evidence is therefore eliminated from the case, and such evidence will only be referred to so far as is necessary to properly present the questions of law.

The plaintiff claims title to the property through various mesne conveyances from the government to himself; the last conveyance being made to him by one M. E. Weldon and husband on July 10, 1901, and recorded October 22, 1903. The defendant claims title under and by virtue of certain tax certificates and tax deeds issued by the county treasurer of Faulk county and a judgment obtained

by one Carpenter in an action against said M. E. Weldon, and also under and by virtue of a judgment rendered in an action wherein one George was plaintiff, against said Carpenter, and under and by virtue of a judgment rendered in favor of said Carpenter against Albert Gooder, treasurer of Faulk county. After the plaintiff rested, the defendant offered in evidence the judgment roll in the circuit court of Faulk county, wherein H. M. Carpenter was sole plaintiff, and M. E. Weldon was sole defendant, in which it appears that a summons for relief was issued by the attorney for the plaintiff bearing date of May 12, 1901, on which is the sheriff's return under date of July 12, 1901, to the effect that the defendant could not be found in this state; that the complaint alleges that plaintiff was the owner in fee simple of the quarter section of land in controversy in this action; that the defendant claims some interest in said land adversely to said plaintiff; and that the claim of the defendant is unfounded and of no effect, and praying for judgment quieting title to said land in the plaintiff, which complaint was filed in the office of the clerk of court in and for said Faulk county on July 12, 1901. Subsequently an affidavit was filed stating that the defendant M. E. Weldon was a nonresident of the state, and an order made that the service be made by the publication of the summons, and a copy of the complaint and summons be mailed to the defendant at New York City. No appearance being made by the defendant, judgment was rendered on February 21, 1902, by default, quieting title to the land in controversy in the plaintiff. It did not appear by the judgment roll that any lis pendens had been filed in the action. The appellant objected to the admission of this judgment roll in evidence as being incompetent, irrelevant, and immaterial, and in no way binding upon the plaintiff, for that it appears that he procured his title to the land in controversy by virtue of the deed executed and delivered prior to the commencement of the action.

It will be observed that in that action the complaint was filed July 12, 1901, that the service of summons by publication was subsequent to that date, and that it did not affirmatively appear that any lis pendens had ever been filed. Under the facts therefore disclosed by the judgment roll, was the appellant in the present

action bound by that judgment? We are of the opinion that he was not. At common law it was the general rule that a purchaser of property who bought pending the litigation concerning it, who was in privity with his vendor, was bound by the judgment in that suit the same as if made a party of record; the law inferring that all persons had notice of the proceedings of the courts of record, and that he who intermeddled with property in litigation did so at his peril, and was as conclusively bound by the results of the litigation, whatever they may have been, as if he had been a party to it from the outset. 2 Black on Judgments, 550. To mitigate and limit this harsh rule of the common law, which was often productive of great injustice to parties who had purchased property which was in litigation, without actual notice of the pendency of the action, statutes have been passed by most of the states in which the common-law rule has been abrogated. By section 108 of our Revised Code of Civil Procedure it is provided that: "In an action · affecting the title to real property the plaintiff at the time of filing the complaint or at any time afterwards   *   *   *   if the same be intended to affect real property, may file for record with the register of deeds of each county in which the real property is situated a notice of the pendency of the action containing the names of the parties, the object of the action, and a description of the real property in that county affected thereby; from the time of filing only shall the pendency of the action be constructive notice to a purchaser or incumbrancer of the property affected thereby; *   *   *   and every person whose conveyance or incumbrance is subsequently executed or subsequently recorded, shall be deemed a subsequent purchaser or incumbrancer and shall be bound by all proceedings taken after the filing of such notice, to the same extent as if he were a party to the action. For the purpose of this section, an action shall be deemed to be pending from the time of filing such notice." · The provisions of this section establishes the rule which must govern as to the effect of such lis pendens on subsequent purchasers and incumbrancers. Pennington v. Martin, 146 Ind. 635, 45 N. E. 1111; Buxton v. Sargent, 7 N. D. 503, 75 N. W. 811; Smith v. Gale, 144 U. S. 509, 12 Sup. Ct. 674, 36 L. Ed. 521; Hammond v. Paxton et al., 58 Mich. 393, 25 N. W. 321;

Jorgenson v. M. & St. L. Ry. Co., 25 Minn. 206. In Pennington v. Martin, supra, the Supreme Court of Indiana, in discussing their statute of lis pendens, says: "Statutes of this class are numerous, and have often been construed by the courts. The decisions are uniform in holding that the lis pendens acts limit the method of creating lis pendens; they abrogate the common law upon the subject, and, if the statutory mode be not followed, there can be no lis pendens as to third parties."

It will be observed from the quotation above copied from section 108 of the Revised Code of Civil Procedure it is provided that "from the time of filing only, shall the pendency of the action be constructive notice to a purchaser or incumbrancer of the property affected thereby," and that it is further provided in the section that "for the purpose of this section an action shall be deemed to be pending from the time of filing such notice." The effect of a failure therefore on the part of the plaintiff in the action of Carpenter v. Weldon to file a notice of lis pendens was that, so far as the appellant in this action is concerned, there never was in contemplation of law any such action pending in the court of Faulk county, and hence the proceedings and judgment in that action in no manner affected appellant herein. This appellant therefore stands in precisely the same position as he would have stood had no such action been instituted and proceeded to a final judgment, and the judgment roll in that action should have been excluded by the court upon the objection made by the counsel for the appellant herein. The fact that the appellant herein did not record his deed until after the judgment had been rendered and entered in that action does not affect his rights to hold the property as against the judgment in that action. In the case of Warnock v. Harlow, 96 Cal. 298, 31 Pac. 166, the Supreme Court of California, in discussing a similar question says: "The mere pendency of a suit does not, as at common law, charge the subsequent purchaser. A notice of lis pendens must appear of record. Head v. Fordyce, 17 Cal. 149. This statute does not give new rights to the plaintiff, but limits rights which he had before, by requiring for the purpose of giving constructive notice, not only a suit, but the filing of a no-

tice of it. Richardson v. White, 18 Cal. 102. If, therefore, the filing of the lis pendens is the only constructive notice which can be given of the pendency of the suit, it is clear that the operation of the lis pendens as constructive notice cannot be made to depend upon the fact that the deed of a prior purchaser remained unrecorded, for that would be to import into the statute a term or condition not named in it."

The defendant then offered in evidence the judgment roll of G. J. George, sole plaintiff, against H. M. Carpenter, sole defendant. The complaint in that action was filed August 6, 1901, and alleges, in substance, that the plaintiff was the owner and holder of a tax certificate for the sale of the premises in controversy in this action at a tax sale held November, 1893, for the taxes of 1892, and demands judgment for foreclosure of his lien for said taxes. A default judgment was entered in favor of the plaintiff in that action for the foreclosure and sale of the land involved herein for the taxes of 1892, to which judgment roll the appellant objected, on the ground that neither the plaintiff herein nor any of his grantors, or any one under whom he claims, was made a party to that action, or is in any way bound thereby. The objection was overruled, and the appellant excepted. The court was clearly in error in admitting the judgment roll in that case for the reason stated in the objection. The appellants did not and do not claim title to the property under or through either George, the plaintiff in that action, or under or through H. M. Carpenter, the defendant therein, and hence the proceedings in that action could in no manner affect the appellant, who was not in privity with either of the parties to that action. Judgments and decrees are conclusive only as between the parties and their privies. 2 Black on Judgments, § 534; Grace v. Ballou, 4 S. D. 333, 56 N. W. 1075. Mr. Black, on Judgments (section 549), states the rule as to privies thus: "In order to create this relationship, two requisites must exist. In the first place, the person who is to be thus connected with the judgment must be one who claims as interest in the subject affected through or under one the parties."

The defendant further offered in evidence the lis pendens filed in that action and sheriff's deed to W. J. Frad purporting to con-

vey the land in controversy under the sheriff's sale, to which the same objection was made. For the reasons above stated, the objections should have been sustained.

The defendant further offered in evidence the judgment roll in the case of H. M. Carpenter, sole plaintiff, against Albert Gooder, as treasurer of Faulk county, as sole defendant, which seems to have been instituted by the plaintiff to reform a certain tax deed issued by the treasurer of Faulk county to the said H. M. Carpenter, and which action resulted in a judgment in favor of the plaintiff adjudging that said deed be reformed as demanded in the complaint. To the introduction of the said judgment roll the appellant objected, on the ground that neither the plaintiff nor any of his grantors, or any one under whom he claims, was made a party to that action, or was in any way bound by it. This objection was overruled, and the appellant excepted. In our opinion the court was clearly in error in admitting this judgment roll in evidence. The appellant herein was not a party to the action, neither was any one under whom he claims made a party thereto. Hence a judgment or decree in that action in no way bound the appellant herein or in any manner affected his rights to the property, as appellant herein was not claiming under or through either the state or county or the plaintiff in that action. The question as to whether or not the plaintiff in that action was entitled to have his tax deed reformed it is not necessary now to decide, as that question is not involved in this action.

The defendant further offered in evidence a trust deed from John Glodt and wife to E. S. Ormsby, trustee, securing the sum of $350, dated February 19, 1886, to which offer the plaintiff objected as being incompetent, irrelevant, and immaterial, and in no way pertaining to any of the issues in this action. The objection was overruled, and the appellant excepted. The defendant further offered in evidence an assignment of the mortgage above described by E. S. Ormsby, trustee, and L. T. Graves, beneficiary, to Ruth B. Wright, dated April 24, 1894, assigning to said Ruth B. Wright the mortgage above described. Same objection; same ruling and exception. The defendant further offered in evidence the assignment of the mortgage above described by Ruth B. Wright to Min-

nie E. Weldon, dated May 16, 1896, recorded October. 13, 1902, to which the plaintiff objected as being incompetent, irrelevant, and immaterial, and not tending to support any of the issues in this action, and in no way binding on the plaintiff in this action. The objection was overruled, and the plaintiff excepted. Clearly this evidence was immaterial and irrelevant in this action, as the plaintiff, so far as appears from the record, was not claiming any rights thereunder, and it is difficult to see upon what theory this evidence could be admitted.

For the errors committed by the learned circuit court in admitting the judgment rolls in the three actions referred to, and in admitting in evidence the mortgage and assignments of the same, the judgment of the circuit court and order denying a new trial are reversed.