HARDIN, Respondents, v. HARDIN et al., (McCUTCHEON, Appellant.)

(145 N. W. 432.)

**Lis Pendens—Filing of Notice—Land in Two Counties, Notice Filed in One.**

A notice of lis pendens describing land situated partly in L. county and partly in M. county, filed by B. in L. county pursuant to Code Civ. Proc., Sec. 108, providing that such notice shall be filed where the property is situated, and that it shall describe the property in that county "affected thereby," was not constructive notice of B's interest in that portion of the tract situated in M. county, though the person sought to be charged with the notice was a mortgagee of the entire tract, all of which was described in the mortgage as being in L. county, and though the notice of lis pendens unnecessarily described the entire tract; the statutory notice being only that an action is pending involving only such land as is properly described therein.

Polley, J., took no part in the decision.

(Opinion filed February 14, 1914.)

Appeal from Circuit Court, Lawrence county. Hon. WILLIAM G. RICE, Judge.

Action by Charles S. Hardin against James D. Hardin, and Charles W. McCutchen, to establish a resulting trust in realty in favor of plaintiff. From a judgment in favor of plaintiff, defendant McCutcheon appeals. Reversed.

*Eben W. Martin,* and *Norman T. Mason,* for Appellant.

The effect of a lis pendens as constructive notice is confined to the limits of the county in which it is filed.

A notice of lis pendens must appear of record. This statute does not give new rights to the plaintiff, but limits rights which he had before by requiring for the purpose of giving constructive notice, not only a suit, but the filing of a notice of it. Gilliam v. Carpenter, 22 S. D. 123-129. Statutes as to lis pendens supersede the common law; 25 Cyc. 1452-1465; 21 Enc. of Law 655.

Notice of pendency must be filed in each county in which the real property is situated. Rev. Code, Civ. Proc. Sec. 108.

The plaintiff did not comply with the statute; he did not file a notice of pendency in Butte County. A notice of pendency is constructive notice only of that which it contains, which the law authorizes it to contain, viz.: "a description of the property in

that county affected thereby." If more than this is inserted in the notice, or if there is inserted in it a description of property situated in any other county than that in which the notice is filed, such additional description is a mere superfluity; it is constructive notice to no one.

A notice of lis pendens filed in a proceeding not authorized by the statute, or if not filed in accordance with the permission of the statute, is a mere nullity. Olyphant v. Phyfe, 62 N. Y., 690; Mills v. Bliss, 55 N. Y., 141.

A record is not a notice with respect to any land situated in a different county from that in which the registration is made. The statutes require the instrument to be registered in the same county in which the land is situated; a record in a different county is therefore inoperative as a constructive notice. 2 Pom. Eq. Jur. Sec. 653, p. 1117; also note 2 p. 1120.

The statute as to lis pendens was enacted for the purpose of modifying the rigors of the common law. 2 Pom. Eq. Jur. Sec. 1639.

*Robert C. Hayes,* and *John T. Heffron,* for Respondent..

The mortgagee, Charles W. McCutchen, had notice from the records of Lawrence County of the pendency of the action, and that it involved title to the interests of Charles S. Hardin, et al., in the entire 1600 acres of land.

Appellant is chargeable with knowledge of the recitals of the mortgage under which he claims. That mortgage, made subject to the lis pendens, declares the entire tract to be in Lawrence county. It is evident that the mortgagee, the appellant, at that time did not know that a small portion of the farm extended across the river and into Butte County. He actually, by his mortgage, took his lien on the whole of the 1600 acres subject to the recorded lis pendens in the county in which he supposed the entire tract to lie. The statute is presumably, to give notice, to protect purchasers, and not to absolve a purchaser from the effect of notice which he already has received. There is nothing in the statute limiting the effect of a notice once had, constructive or otherwise.

One charged with constructive notice by the records, is also charged with knowledge of facts to which an examination of such records would lead. Pom. Eq. Jur. Par. 655; S. D. Tilton v. Flormann, 117 N. W. 337; S. D. McVay v. Tousley, 105 N. W.

935; S. D. Kohin v. Laphan, 82 N. W. 408; N. Y. Lamont v. Chesshire, 65 N. Y. 30; N. D. Buxton v. Sargent, 75 N. W. 813; Code Civil Procedure, par. 108; W. Va. Wick v. Dawson, 38 S. E. 639.

If the Appellant, McCutchen, mortgagee, after the filing of the lis pendens, is bound to the same extent as if he were a party to the action, he is bound by the entire record in this case.

Lis pendens affects a purchaser with constructive notice of all the facts that are apparent on the face of the pleadings, at the time he takes his deed, and of such other facts as those facts necessarily put him upon inquiry for. (Me.) Jones v. McNarrin, 28 Am. Rep. 66.

A mortgage of real property "not part of an entire tract," situate in more than one county, will not be charged with constructive notice of an action for the recovery of such property pending in a county other than that in which the property is situated. (O.) Benton v. Shafer, 7. L. R. A. 812; Section 99 Code of Civil Procedure. The action must be brought in one of the counties across the common boundary line of which the land extends. An incumbrancer of the entire tract would certainly be bound by notice of lis pendens filed in a county in which the action is brought, and the law says it may be brought in either county.

This recorded judgment was binding, not only upon the defendant, James D. Hardin, but upon the appellant McCutchen, mortgagee in privity with him. If the appellant was then bound by the judgment, he was bound by the whole of it. 2nd Black, par. 551. 23 Cyc. 856. Lis pendens has no relation to titles acquired after judgment.

Its effect cannot be impaired by any subsequent transfer by the defendant. He is concluded by it and his grantee cannot be in any better situation than the party from whom he obtained his right. N. Y. Sheridan v. Andrews, 49 N. Y. 478.

WHITING, J. Respondents contend that there are several reasons why the judgment appealed from can and should be affirmed; but we are of the opinion that, under the stipulation which appears to have been entered into between the parties, and which binds respondents so far as the trial from which this appeal is taken is concerned, there is but one question before us, and that whether, under the following statement of facts, the lis pendens

referred to would constitute constructive notice to. D. of the interest of B. in that portion of the land not situate in L. county.

A. and B. are owners in common of a large but single tract of land situate mainly in L. county but partly in M. county. The title to this land stands in the name of A. only. B. brings an action against A. in the circuit court of L. county, in which action he seeks a decree of said court establishing a resulting trust in A. in his (B.'s) favor, in and to B.'s undivided interest in and to said lands. A notice of lis pendens in said action is duly and timely filed in the office of the register of deeds of L. county, which notice contains the names of the parties to said action, the object of the action, and a description of *all* the real property affected thereby. No notice of lis pendens is ever filed in M. County. Personal service of summons is had within the proper time to. preserve the validity of said notice of lis pendens. Thereafter judgment of said circuit court enters in favor of B., decreeing him to be the owner of a certain undivided interest in and to said land, which judgment is duly recorded in the office of the clerk of courts of. L. county. A. appeals, from. the judgment above referred to, to the Supreme Court, and, upon such appeal, executes and files a supersedeas bond staying said judgment. This judgment is afterwards affirmed. After the rendition of the judgment by the circuit court, and pending the appeal therein, one D. takes from A. a note covering A.'s indebtedness to him, and at the same time, A. and wife execute and deliver to D. a mortgage purporting to cover the said tract of land hereinbefore first mentioned, except that said land is described therein as being in L. county.

The stipulation above referred to, when changed in its wording so as to conform to the names we have used herein, would read as follows: The question to be submitted under the pleadings is whether the lis pendens, filed in the office of the register of deeds of L. county, by B., against the whole tract of land, constituted notice to D., the mortgagee, so far as the interest of B. in the portion of the tract of land lying in. M. county.

The trial court concluded that such lis pendens did constitute notice to D. of B.'s interest in and to that part of the tract situate in M. county. We think in so holding, said court erred, and, if so, the error was certainly prejudicial.

Section 108, C. C. P., provides: "In an action affecting the

title to real property the plaintiff at the time of the filing of the complaint or at any time afterwards, * * * if the same be intended to affect real property, may file for record with the register of deeds of each county in which the real property is situated, a notice of the pendency of the action, containing the names of the parties, the object of the action, and a description of the real property in that county affected thereby; from the time of filing only shall the pendency of the action be constructive notice to a purchaser or incumbrancer of the property affected thereby; * * * and every person whose conveyance or incumbrance is subsequently executed or subsequently recorded, * * * shall be bound by all proceedings taken after the filing of such notice, to the same extent as if he were a party to the action. For the purpose of this section, an action shall be deemed to be pending from the time of filing such notice."

As held by this court in Gilman v. Carpenter, 22 S. D. 123, 115 N. W. 659, statutes such as this have been enacted in most of the states in order to mitigate and limit the harsh rule of the common law. 2 Pomeroy's Eq. Jur. § 639. Such statutes supersede the common law rule as to lis pendens. 25 Cyc. 1465. The contents of the statutory notice are prescribed by the statute, and anything contained in such notice other than as so prescribed, is surplusage, and of no effect. This statute provides that *"a"* notice, not *"the"* notice, may be filed in *"each county* in which the real property is situate," and that a notice so filed in any county should contain a description of the real property in *that county* affected thereby." It will be seen that there is no authority for placing in a notice to be filed in one county a description of land situate in another county. Respondents concede that. if D.'s mortgage had covered land situate only in M. county, the lis pendens filed in L. county would not have constituted constructive notice; but they contend that, inasmuch as D's mortgage covered land in L. county, the lis pendens constituted notice to him of the pendency of the action, and having notice of the pendency of the action, he had notice of the scope of such action, and of the fact that it involved the land in M. county. If respondents are right, and a notice of lis pendens is constructive notice of the contents of the pleadings, even though the allegations of the pleadings may relate to lands other than that properly described in the

notice of lis pendens, it would follow that, if an action was brought involving the title to ten tracts of land in one county, and a notice of lis pendens was filed in which but one tract was described, one who, during the pendency of such action, bought such one tract together with one or more of the other tracts would he bound by constructive notice that all said tracts were involved in the litigation. It is easy to see where this might lead to. The part described in the notice might be of trifling value; a prospective purchaser might search the records pertaining to all the other tracts and find the titles thereto apparently clear; he might think the one tract of so little value as not to be worth the time and trouble necessary for an examination of the records relating thereto, and conclude to run the risk of the title to that piece being defective; under respondent's theory, while he might have purchased all the other tracts without any constructive notice of the pendency of the action, provided he did not include in such purchase the one tract described in such notice, yet, having included this one tract, and through it having received constructive notice of the suit relating thereto, he would have constructive notice that such suit related to all the other tracts, and take them subject to the outcome of such suit. Thus in the case before us, under respondent's theory, if the notice had been filed in M. county, and D., searching the records of L. county, had found no notice therein recorded, while he could have then bought the land in L. county, and not be charged with any notice of the pendency of the action, providing he did not include in such purchase the tract in M. county, yet, if he included all the land in the one purchase, no matter how small and insignificant the tract in M. county may have been, he would take all the land subject to the rights of B. therein. The correct rule is that the statutory notice is notice only that an action is pending involving such land, and only such land as is properly described therein; and further, as in the case of a deed or mortgage (2 Pom. Eq. Jur. p. 1120, n. 2), if there were statutory authority for including the description of lands in several counties in one notice, it would be necessary to file such notice in each county where any part of the land was situate, in order for the same to constitute constructive notice as to the land in every county. Therefore the purported notice filed was ineffective as a

notice of the pendency of any action pertaining to the land in M. county.

Respondents, however, contend that, inasmuch as D. supposed all the land to be situate in L. county—as evidenced by the fact that his mortgage described it as being all in L. county—he should not now be heard to say that the notice which described it all in L. county did not confer constructive notice that the suit pertained to all the land.    There are two answers to this contention: (1)    There is no finding that D. believed the land to be all in one county, and nothing to show that such a finding would have been warranted by the evidence.  The error in the mortgage may have been purely clerical.  It does appear that D. filed his mortgage in both counties, thus indicating that he knew the tract was situate in both counties. (2.)  Suppose D. had thought all of the land was in H. county, where in fact none was situate, and the notice of lis pendens had been filed in H. county, but not filed in either L. or M. county; would D. be charged with constructive notice?  Certainly not.  Suppose D. had thought the land all situate in H. county, where in fact none was situate, and the notice of lis pendens had been filed in L. and M. counties; would such notice be ineffective as against D., while admittedly good against any purchaser or incumbrancer who knew where the land was situate?  The answer is too clear for argument.  The judgment appealed from is reversed.

POLLEY, J., taking no part in this decision.