In re Caroline JOHNSON, Debtor.

CITY OF COLTON, Colton, South Dakota, Plaintiff,

v.

Caroline JOHNSON, Defendant.

Bankruptcy No. 484–00345.
Adv. No. 485–0015.

United States Bankruptcy Court,
D. South Dakota.

June 4, 1986.

Rick A. Yarnall, Moore, Rasmussen, Kading & McGreevy, Sioux Falls, S.D., for plaintiff.

Doug Cummings, Sioux Falls, S.D., for defendant.

## MEMORANDUM DECISION

PEDER K. ECKER, Bankruptcy Judge.

### Introduction

This matter is before the Court on a complaint for nondischargeability of a debt filed on behalf of the City of Colton ("City"), Colton, South Dakota, by Attorney Rick A. Yarnall on February 19, 1985. The City substantively alleges that: 1) the debtor's sale and subsequent repurchase of her interest in certain real property in which the City had previously filed a notice of lis pendens constitutes a "willful and malicious injury by the debtor" and is, therefore, precluded discharge under Bankruptcy Code Section 523(a)(6); and 2) the

state court's judgment which it received against the debtor's daughter and subsequently imposed on certain real property in which the debtor had an interest on the date of filing is a fine or penalty to and for the benefit of a governmental unit and is, therefore, precluded discharge under Bankruptcy Code Section 523(a)(7). Attorney Doug Cummings represented Caroline Johnson ("debtor"), and a trial was held in Sioux Falls, South Dakota, on November 21, 1985.

### Background

On October 25, 1984, the debtor filed for relief under Chapter 7 of the Bankruptcy Code. The debtor, who is approximately ninety years old and presently staying at a nursing home, did not attend the trial. Her daughter, Mrs. Shirley M. Corbly, spoke on her behalf.[1]

The City and the Corblys have been involved in numerous disputes regarding property, which includes a house and lot, known as follows:

"Lot 4, Block 7, of the First Addition to the City of Colton, Minnehaha County, South Dakota, according to the recorded plat thereof, also known as 406 South Main."

Apparently, it all began in late 1979 when Mrs. Corbly built an addition onto the house without first obtaining a building permit. At the trial, Mrs. Corbly contended that the house needed remodeling to accommodate wheelchairs and the addition was needed for extra living space. Coupled with a notice of lis pendens filing, the City brought an action against Clinton Johnson (debtor's now deceased husband), Richard Corbly (Shirley's husband), Shirley Corbly, and the debtor. On January 14, 1981, the state court, while finding Shirley Corbly as the sole owner at the time of trial[2] and as having violated a city ordinance requiring a permit before building,

1. Mrs. Corbly, who is involved in related bankruptcy litigation, is also a Chapter 7 debtor. As part of the debtor's case, a document purporting to provide Mrs. Corbly with the power of attorney in the affairs of both the debtor and the

debtor's deceased husband was introduced and admitted into evidence.

2. The trial was held on December 29, 1980.

enjoined use or occupancy of the addition and ordered its immediate removal. After an unsuccessful state supreme court appeal and rehearing, Mrs. Corbly refused to abide by the circuit court's removal order and was ultimately found in contempt. At a later February 25, 1983, "punishment" hearing, the City received a judgment against Mrs. Corbly in the amount of $7,824.90 plus costs and, shortly thereafter, imposed the judgment against the property.

The chain of title of this property reflects an active recent history. Included are the following transactions:

| Document | Date of Transfer | Date Filed With the Minnehaha County Register of Deeds |
|---|---|---|
| 1. Robert Bauman sold the property to Caroline Johnson (debtor) and Clinton Johnson, husband and wife, by warranty deed for one dollar and other valuable consideration. | Aug. 25, 1979 | Aug. 27, 1979 |
| 2. A satisfaction of mortgage of Bauman. | | Oct. 5, 1979 |
| 3. Caroline Johnson (debtor) and Clinton Johnson sold their interest in the property to Caroline Johnson (debtor), Clinton Johnson, and Shirley Corbly (daughter), as joint tenants, by warranty deed for one dollar and other valuable consideration. | Oct. 31, 1979 | Nov. 2, 1979 |
| 4. City of Colton filed a notice of lis pendens with respect to CIV 79–1982. Named defendants included Clinton Johnson, Caroline Johnson (debtor), Richard Corbly (Shirley's husband), and Shirley Corbly. | | Jan. 7, 1980 |
| 5. Caroline Johnson (debtor) and Shirley Corbly sold their interest in the property to Shirley Corbly by warranty deed for one dollar and other valuable consideration. | Feb. 11, 1980 | Feb. 12, 1980 |
| 6. Shirley Corbly sold her interest in the property to Shirley Corbly and Caroline Johnson (debtor), as joint tenants, by warranty deed for one dollar and other valuable consideration. | March 20, 1981 | March 20, 1981 |
| 7. Shirley Corbly and Caroline Johnson (debtor) sold their interest in the property to Shirley Corbly by warranty deed for one dollar and other valuable consideration. | Feb. 18, 1982 | Feb. 22, 1982 |
| 8. Richard Corbly and Shirley Corbly filed a document purported to be a land patent, No. 5915, in Book 145 at Page 371. | | Aug. 30, 1982 |

| Document | Date of Transfer | Date Filed With the Minnehaha County Register of Deeds |
|---|---|---|
| 9. Richard Corbly and Shirley Corbly filed a document purported to be a land patent, Nos. 5915 and 4499, in Book 145 at Page 439. | | Aug. 30, 1982 |
| 10. Shirley Corbly sold her interest in the property to Shirley Corbly and Caroline Johnson (debtor), as joint tenants, by warranty deed. | Sept. 7, 1982 | Sept. 8, 1982 |
| 11. Shirley Corbly and Caroline Johnson (debtor) filed an Affidavit of Homestead Claim. | Sept. 8, 1982 (Date Notarized) | Sept. 9, 1982 |
| 12. Shirley Corbly and Caroline Johnson (debtor) sold their interest in the property to Caroline Johnson (debtor), Richard Corbly, Shirley Corbly, Neal Rinehart, and Steven Rinehart, as joint tenants, by warranty deed for one dollar and other valuable consideration. [3] | May 12, 1983 | May 13, 1983 |
| 13. Shirley Corbly sold her interest in the property to Caroline Johnson (debtor), Richard Corbly, Neal Rinehart, and Steven Rinehart, as joint tenants, by warranty deed for one dollar and other valuable consideration. | May 23, 1984 | May 23, 1984 |
| 14. Caroline Johnson (debtor) gave the Good Samaritan Society Nursing Home a mortgage as security for the payment of $4,947.50 at 12 percent. According to the mortgage, there was a promissory note which was included as part of the transaction and payable on demand. This mortgage included a relinquishment of homestead rights clause. | May 25, 1984 | June 1, 1984 |

Citing Bankruptcy Code Sections 523(a)(6) and 523(a)(7) as its authority, the City's complaint, in pertinent part, states that:

"[T]he sole purpose of this Complaint is to insure that [the City's] Judgment, which is an impediment on the [property in question] survives Debtor's filing her Chapter 7 Petition of Bankruptcy."

### Issues

The principal issues raised are: 1) Whether the debtor's sale and subsequent repurchase of an interest in certain real property in which the City had previously filed a notice of lis pendens constitutes a "willful and malicious injury" by the debtor under Bankruptcy Code Section 523(a)(6); and 2) Whether the debtor is precluded discharge under Bankruptcy Code Section 523(a)(7) for a contempt judgment received by the City against her daughter and subsequently imposed against the property.

### Law

#### A. First Issue

As to the first issue, the Court finds that the City has failed to clearly prove that it was "willfully and maliciously" injured by

---

3. Neal and Steven Rinehart are Shirley Corbly's sons.

the debtor's sale and repurchase of certain real property and, therefore, holds that the debtor is not precluded discharge under Bankruptcy Code Section 523(a)(6).

Section 523(a)(6) finds nondischargeable any debt for "willful and malicious injury by the debtor to another entity or to the property of another entity." 11 U.S.C. § 523(a)(6). The Eighth Circuit recently defined what standard applies for determining "willful and malicious" injury when transfers of property in breach of security agreements are in issue. *In re Long*, 774 F.2d 875, 879–82 (8th Cir.1985). Adopting the "intent to cause injury" rather than the "intentional act which causes an injury" standard, the court held that: 1) willful and malicious are independent elements which must be separately analyzed; and 2) willful means "headstrong and knowing" and malicious means that the expected harm which is targeted at the creditor must be certain or almost certain to occur. *Id.* at 881. A reckless disregard standard is insufficient. *Id.*

 One of the primary purposes of bankruptcy law is to give an honest debtor a fresh start in life without the burden of pre-existing debts. *Perez v. Campbell*, 402 U.S. 637, 91 S.Ct. 1704, 29 L.Ed.2d 233 (1971); *Local Loan Co. v. Hunt*, 292 U.S. 234, 54 S.Ct. 695, 78 L.Ed. 1230 (1934). In keeping with this policy, exceptions to discharge are strictly construed and evidence must be viewed in the light most favorable to the debtor. *In re Long*, 774 F.2d at 879. Accordingly, the burden of proof is upon the City to establish by clear, cogent, and convincing evidence that the act in question was willful and malicious. *Oriel v. Russell*, 278 U.S. 358, 49 S.Ct. 173, 73 L.Ed. 419 (1929); *In re Weingarten*, 49 B.R. 881 (Bkrtcy.N.D.Ohio 1985); *In re Irvin*, 31 B.R. 251 (Bkrtcy.D.Colo.1983); *In re Marini*, 28 B.R. 262 (Bkrtcy.E.D.N.Y.1983).

 The Court is unsure as to what the City's theory is. Other than a naked assertion of Section 523(a)(6) applicability in its complaint, no arguments were advanced. If the City's argument is that the debtor willfully and maliciously injured the City when she transferred the property in the instant case to her daughter after the notice of lis pendens was filed and later repurchased an interest, the Court cannot find any logical basis for this argument.

The act of selling and purchasing property which is subject to a notice of lis pendens certainly is not itself a "willful and malicious" act under Section 523(a)(6). In South Dakota, there is no statutory prohibition against the buying or selling of property in which a notice of lis pendens has been filed on the property. *See* S.D.C.L. §§ 15–10–1 and 15–10–3. On the contrary, the law recognizes the validity of these transactions. *Id. See also Hardin v. Hardin*, 33 S.D. 202, 145 N.W. 432 (1914); *Gilman v. Carpenter*, 22 S.D. 123, 115 N.W. 659, 660 (1908). Under South Dakota law, a notice of lis pendens filing generally serves two purposes: 1) informs potential purchasers and encumbrancers that an action to affect real property is pending; and 2) provides a date certain in which the property may be bound by the pending proceedings.

It may be that the City is very disappointed that only the debtor's daughter, and not the debtor, who is ninety years old, wheelchair-ridden, and resides at a nursing home, was found in contempt by the state court. In other words, it may have felt that it did not get its "pound of flesh." Because hope that its lien survives bankruptcy is not enough, this is, at best, a feeble attempt by the City to "bootstrap" its way into an exception to discharge under Section 523(a)(6).

Based on this, the Court finds that the City has failed to clearly prove that it was "willfully and maliciously" injured by the debtor's sale and repurchase of certain real property and, therefore, holds that the debtor is not precluded discharge under Bankruptcy Code Section 523(a)(6).

### B. Second Issue

As to the second issue, the Court finds that no penalty or fine was imposed against the debtor and, therefore, holds

that the debtor is not precluded discharge under Bankruptcy Code Section 523(a)(7).

Section 523(a)(7) finds nondischargeable any debt "to the extent such debt is for a fine, penalty, or forfeiture payable to and for the benefit of a governmental unit, and is not compensation for actual pecuniary loss, other than a tax penalty. . . ." 11 U.S.C. § 523(a)(7).

The Court is unsure as to what the City's theory is. Other than a naked assertion of Section 523(a)(7) applicability in its complaint, no arguments were advanced. In the instant case, the City received a contempt judgment against the debtor's daughter which was subsequently imposed against the property in the instant case. Courts have found contempt judgment discharge questions properly determinable under this section. *See In re Marini*, 28 B.R. 262 (Bkrtcy.E.D.N.Y.1983); *In re Gedeon*, 31 B.R. 942 (Bkrtcy.D.Colo.1983). Unlike those cases, this debtor has not been found in contempt by any court. *Id.*

■ If the City's contention is that, in view of South Dakota's lis pendens statutes, ch. 15–10, the debtor, because she repurchased an interest in the property, takes subject to the contempt judgment, the Court finds this without merit. This argument ignores that if it is a fine or penalty at all, it was against Mrs. Corbly. Its later imposition on the property only constitutes a judgment lien; *see* S.D.C.L. §§ 15–16–5, –7; *see also* S.D.C.L. § 15–6–70; and not a fine or penalty under Section 523(a)(7), which is imposed on property later owned by subsequent purchasers. *See* 11 U.S.C. § 523(a)(7). Mindful that exceptions to discharge are to be strictly construed, if the Court were to find otherwise, then it would be clearly violating the Code's underlying fresh start policy and that of providing an honest debtor a fresh start in life without the burden of pre-existing debts. *See Perez*, 402 U.S. at 637, 91 S.Ct. at 1704.

Based on this, the Court finds that, because no penalty or fine was imposed against the debtor, the debtor is, therefore,

not precluded discharge under Bankruptcy Code Section 523(a)(7).

Accordingly, based on the foregoing, this Memorandum Decision constitutes the Court's Findings of Fact and Conclusions of Law in the above-entitled matter pursuant to Bankr.R.P. 7052 and F.R.Civ.P. 52. Counsel for the debtor is directed to submit a proposed order and judgment in accordance with Bankr.R.P. 9021.