In the Matter of Michael Roy SAWYER and Kathleen Greenlee Sawyer, Debtor.

**COMMERCIAL CREDIT CORPORATION,**
Plaintiff,

v.

**Michael Roy SAWYER and Kathleen Greenlee Sawyer, Defendant.**

Bankruptcy No. 86–2956.
Adv. No. 86–446.

United States Bankruptcy Court,
M.D. Florida,
Tampa Division.

July 27, 1987.

Larry Foyle, Tampa, Fla., for plaintiff.

Lee Ellen Acevedo, Tampa, Fla., for defendant.

**FINDINGS OF FACT, CONCLUSIONS OF LAW AND MEMORANDUM OPINION**

ALEXANDER L. PASKAY, Chief Judge.

THE MATTER under consideration in this Chapter 7 case is a Complaint to Determine Dischargeability of Specific Debt filed by Commercial Credit Corporation (Plaintiff) against Michael Roy Sawyer and Kathleen Greenlee Sawyer (Debtors), the De-

fendants involved in the above-captioned adversary proceeding. The Complaint filed by the Plaintiff challenges under 11 U.S.C. § 523(a)(2)(B) the dischargeability of a debt owed by the Debtors to the Plaintiff of $5,036.92, the amount of which is not in dispute. The Court has considered the Complaint together with the record and finds as follows:

It is undisputed that on January 22, 1986, the Debtors executed a Promissory Note in the amount of $5,311.54 at an 18% interest rate, the amount of which evidenced a loan made by the Plaintiff to the Debtors. To obtain this loan, Michael Sawyer called the Plaintiff, and during the telephonic conversation was asked by an employee of the Plaintiff for financial information. The Debtor telephonically transmitted this information to the Plaintiff's agent who then reduced it to writing. It is further undisputed that later the same day the Debtors were called by an agent of the Plaintiff and were asked to visit the Plaintiff's office so that the loan transaction would be completed. When the Debtors arrived at the Plaintiff's office the next afternoon, the Plaintiff's agent had already prepared the loan application, the Promissory Note, and a check for $5,078.31 made out to the Debtors.

In completing the loan transaction, the Plaintiff's agent requested that the Debtors review and sign the loan application and promissory note. The Debtors did so and then filled out a Statement of Obligations at the request of the Plaintiff's agent. It is important to note that the Debtors never signed the Statement of Obligations, which listed a mortgage obligation of $46,400.00 and general unsecured debts totalling $8,892.60. After the transaction was completed the Debtors left the Plaintiff's office with the previously prepared check.

The Plaintiff maintains that the Debtor omitted the following liabilities totalling $14,000.00 from the composite loan application: Citibank Visa of Sioux Falls (Citibank) in the amount of $1,600.00; Chase Manhattan Visa (Chase) in the amount of $2,100.00; Florida Federal Savings & Loan (Florida Federal) in the amount of $4,500.00, with a balance owing of $4,100.00; and Florida West Coast Credit Union (Credit Union) in the amount of $5,900.00. Further, the Plaintiff claims that these obligations were undisclosed with the intention to deceive as an inducement to the Plaintiff to make a loan, and that had the true facts been represented to the Plaintiff, it would not have made the loan.

The Debtors admit that the above-listed obligations did not appear on the loan application, but claim in opposition that they did not prepare the Statement of Obligations until after the loan was approved, that they exchanged the Statement of Obligations simultaneously with the transfer of funds, and therefore, that they did not present a false statement to the Plaintiff in order to induce it to lend funds.

It is important to note that this Court entered an Order Dismissing Complaint with prejudice as to Defendant Kathleen Greenlee Sawyer on June 2, 1987. The dischargeability *vel non* of the $5,036.92 must now be determined as to Defendant Michael Roy Sawyer.

In challenging the dischargeability of the loan amount, the Plaintiff relies on § 523(a)(2)(B) of the Bankruptcy Code, which provides as follows:

(a) A discharge under section 727, 1141, 1228(a), 1228(b) or 1328(b) of this title does not discharge an individual debtor from any debt—

(2) for money, property, service, or an extension, renewal, or retaining of credit, to the extent obtained by—

(B) use of a statement in writing—

(i) that is materially false;

(ii) respecting the debtor's or an insider's financial condition;

(iii) on which the creditor to whom the debtor is liable for such money, property, services, or credit reasonably relied; and

(iv) that the debtor caused to be made or published with intent to deceive.

11 U.S.C. § 523(a)(2)(B)

 

It is well established that the overriding purpose of the bankruptcy laws is to provide the debtor with comprehensive, much-needed relief from the burden of his indebtedness by releasing him from virtually all his debts. *Perez v. Campbell*, 402 U.S. 637, 91 S.Ct. 1704, 29 L.Ed.2d 233 (1971); *In re Vanderloos*, 64 B.R. 813 (Bankr. Mont.1986). Although several types of debts, however, are excluded from the debtor's discharge, *see* 11 U.S.C. § 523, courts generally narrowly construe these exceptions to discharge against the creditor and in favor of the debtor. *In re Hunter*, 780 F.2d 1577 (11th Cir.1986); *In re Johnson*, 61 B.R. 541 (Bankr.S.D.1986). It is clear that the burden lies with the creditor to demonstrate that a particular obligation of a debtor falls within one of the statutory exceptions. *Household Finance Corp. v. Danns (In re Danns)*, 558 F.2d 114, (2d Cir.1977); *In re Faulk*, 69 B.R. 743 (Bankr. N.D.Ind.1986).

In reaching the level of clear and convincing evidence necessary to except a debt from general discharge under § 523(a)(2)(B) of the Bankruptcy Code, *see In re Greene*, 65 B.R. 266 (Bankr.M.D.Fla. 1986), the Plaintiff must prove six elements:

(1) a debt for obtaining money;
(2) by use of a statement in writing;
(3) that is materially false;
(4) respecting the debtor's financial condition;
(5) on which the creditor reasonably relied; and
(6) published by the debtor with intent to deceive.

*In re Coughlin*, 27 B.R. 632 (Bankr. 1st Cir.1983); *In re Archer*, 55 B.R. 174, 13 B.C.D. 967 (Bankr.M.D.Ga.1985). The Court is satisfied that the Plaintiff has met its burden of proof on the first four elements. The Court has considered the evidence and is satisfied, however, that the Plaintiff has presented insufficient evidence to establish that the Debtor possessed the requisite intent to deceive. In fact, the evidence presented by both parties as to this issue is in equilibrium. In such a situation, if a Plaintiff has presented evidence equal in weight to the Defendants' evidence to the contrary, then the Plaintiff has not met its burden of clear and convincing proof and has failed to prove its case. As such an equilibrium exists in this case as to the Debtor's "intent to deceive," this Court must find that the Debtor did not intend to deceive the Plaintiff.

Of greater weight, however, is the total failure of the Plaintiff to prove that it "reasonably relied" on the Statement of Obligations provided by the Debtors. Sufficient evidence exists to prove that the Plaintiff's agent had approved the loan to the Debtors long before they arrived at the Plaintiff's office. This conclusion is supported by oral testimony and by the fact that the Plaintiff had cut the loan check before the Debtors arrived at the Plaintiff's office.

Based on the foregoing, this Court is of the opinion that the Plaintiff has failed to demonstrate that the debt owed to it falls within the statutory exceptions to discharge, specifically § 523(a)(2)(B) of the Bankruptcy Code. The Complaint, therefore, should be dismissed with prejudice as to Defendant Michael Sawyer, and the debt of $5,036.92 shall be deemed a dischargeable debt.

A separate final judgment will be entered in accordance with the foregoing.