In re Diane Richter THIBODAUX,
a/k/a Diane Kay Thibodaux,
Debtor.

Dennis W. RICHTER, Independent
Executor of the Estate of Hulda
Richter, Deceased, Plaintiff,

v.

Diane Richter THIBODAUX, Defendant.

Bankruptcy No. 87–07030–H3–7.
Adv. No. 87–1134–H3.

United States Bankruptcy Court,
S.D. Texas,
Houston Division.

Feb. 28, 1989.

Diane Richter Thibodaux, Stafford, Tex.,
pro se.

Stephen A. Doggett, Richmond, Tex., for
plaintiff.

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

LETITIA Z. CLARK, Bankruptcy
Judge.

Came on before the court for trial on the 13th day of December, 1988 the suit by Dennis Richter, independent executor of the estate of Hulda Richter, deceased, against Diane Richter Thibodaux, Debtor herein, seeking determination of nondischargeability against Diane Thibodeaux of a Judgment, No. 40,697, 240th District Court, Fort Bend County, Texas pursuant to 11 U.S.C. § 523(a)(4) and (a)(6). Plaintiff, Dennis Richter, appeared through counsel. Defendant/Debtor, Diane Richter Thibodaux, appeared *pro se*.

To the extent any findings of fact herein are construed to be conclusions of law, they are hereby adopted as such. To the extent any conclusions of law herein are construed to be findings of fact, they are hereby adopted as such.

### *Findings of Fact*

1. Plaintiff, Dennis Richter, and defendant, Diane Richter Thibodaux, are siblings; plaintiff is the only son in a family of five siblings; defendant is the oldest of four girls in the family. The parents were deceased when plaintiff was twenty and defendant was seventeen.

2. Care of the younger girls occasionally thereafter fell to foster families; occasionally to the grandmother, Hulda Richter, now deceased; and occasionally to Debtor, as the oldest girl. Debtor contributed to the college education of at least two of her younger sisters. Debtor did not attend college. There was no showing that the grandmother, Hulda Richter, contributed to the education of any of her grandchildren.

3. In 1980, when defendant was twenty-six years old, the grandmother, Hulda Richter, deeded the family farm ("the farm"), approximately eighty (80) acres in Fort Bend County, Texas, to the only

grandson, Dennis Richter, and took a note in the amount of $79,000.00.

4. The grandmother, Hulda Richter, had also made, prior to 1980, cash loans to Dennis Richter, in sums totalling not less than $43,000.00. According to the testimony of Dennis Richter, some or all of these were for him to invest in equipment for his use on the farm.

5. Dennis Richter's payment on the notes was erratic, and the grandmother later complained, both in letters to her attorney, and to Dennis himself, of his slow or non-payment.

6. Dennis Richter, at an unspecified time after 1982, filed bankruptcy and did not repay the cash loans.

7. At the time of her death Hulda Richter had no cash.

8. There was no evidence that any of the girls ever received or took any cash gifts, loans, or transfers from their grandmother at any time prior to her death in 1986.

9. Dennis Richter presently owns the farm, both through successful litigation against Diane Richter Thibodaux in state court, and by devise under the will of Hulda Richter.

10. Defendant did serve in a fiduciary capacity to Hulda Richter at one time, for the purpose of attempting to collect from Dennis Richter on the mortgage note, pursuant to a transfer and assignment from Hulda Richter to defendant.

11. None of the cash loan repayments or mortgage loan payments owed to Hulda Richter by Dennis Richter were ever given to defendant, either in her capacity as trustee or personally, by Dennis Richter or by Hulda Richter, or by anyone else.

12. There is no probative evidence before this court that defendant/Debtor committed any willful and malicious injury to Mrs. Richter or her property, or that she committed fraud or defalcation in a fiduciary capacity.

13. Defendant, Diane Thibodaux, was highly credible. Plaintiff, Dennis Richter, was not credible.

*Discussion and Conclusions of Law*

1. Exceptions to discharge are to be narrowly construed in favor of the Debtor. *In re Bonanza Import & Export*, 43 B.R. 577 (Bankr.S.D.Fla.1984).

2. The defendant, Diane Thibodaux, never received any money in a fiduciary capacity from Hulda Richter or Dennis Richter, and did not commit fraud or defalcation while serving in a fiduciary capacity. Accordingly, no exception to discharge pursuant to 11 U.S.C. § 523(a)(4) is found by this court.

3. Pursuant 11 U.S.C. § 523(a)(6) debts for willful or malicious injury caused by the Debtor to another entity or the property of another entity are excepted from discharge. Under this section, willful means deliberate and intentional. "Reckless disregard" does not establish sufficient intent to satisfy the willful requirement under 11 U.S.C. § 523(a)(6). *In re McCloud*, 7 B.R. 819 (Bankr.M.D.Tenn. 1980).

4. Additionally, in order for a debt to be nondischargeable on this basis, an injury must result from the actions of the Debtor. *In re Scott*, 13 B.R. 25 (Bankr.Ill. 1981). No injury was shown by the evidence before this court.

5. The state court judgment against defendant Thibodaux does not include findings of fact of such specificity and applicability as to constitute a basis for a determination of nondischargeability in a bankruptcy context, see *In re Sneed*, 13 B.R. 151 (Bankr.S.D.Ohio 1981); in addition, the evidentiary standard for determination of nondischargeability under § 523(a)(4) and (a)(6) is clear and convincing while that of the state court for the suit brought therein is the lesser standard of a preponderance of the evidence. See *In re Vissers*, 21 B.R. 638 (Bankr.E.D.Wis.1982); *In re Hunter*, 780 F.2d 1577 (11th Cir.1987); *In re Johnson*, 61 B.R. 541 (Bankr.D.C.S.D.1986); *In re Lesher*, 80 B.R. 121 (Bankr.E.D.Ark. 1987); *Sparks v. Dawson*, 47 Tex. 138, 145 (1877); *Frankfurt v. Wilson*, 353 S.W.2d 490, 496 (Tex.Civ.App.—Dallas 1962, no

writ). The evidence before this court does not support a finding of nondischargeability.

A separate judgment will be entered in accordance with these findings of fact and conclusions of law.